UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

NAVIGATOR CAPITAL PARTNERS, L.P., on behalf of itself and all others similarly situated,

        Plaintiff,

        v.

BEAR STEARNS ASSET MANAGEMENT, INC., *et al.*,

        Defendants,

        and

BEAR STEARNS HIGH-GRADE STRUCTURED CREDIT STRATEGIES, L.P.,

        Nominal Defendant.

No. 07 Civ. 07783 (AKH)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

[captions continued on next page]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


**DEFENDANT MATTHEW TANNIN'S REPLY
MEMORANDUM OF LAW IN FURTHER SUPPORT OF HIS
MOTION TO DISMISS THE AMENDED COMPLAINTS
IN *NAVIGATOR*, *FIC*, AND *VARGA***

```
------------------------------------- x
FIC, L.P., individually, and on behalf of itself and all others    :
similarly situated,                                                :
                                                                   :
                Plaintiff,                                         :
                                                                   :   No. 07 Civ. 11633 (AKH)
        v.                                                         :
                                                                   :
BEAR STEARNS ASSET MANAGEMENT, INC., et al.,                       :
                                                                   :
                Defendants,                                        :
                                                                   :
        and                                                        :
                                                                   :
BEAR STEARNS HIGH-GRADE STRUCTURED                                 :
CREDIT STRATEGIES ENHANCED LEVERAGE, L.P.,                         :
                                                                   :
                Nominal Defendant.                                 :
------------------------------------- :
GEOFFREY VARGA and WILLIAM CLEGHORN, as                            :
Joint Voluntary Liquidators of Bear Stearns High-Grade             :
Structured Credit Strategies (Overseas) Ltd. and Bear              :
Stearns High-Grade Structured Credit Strategies Enhanced           :   No. 08 Civ. 03397 (AKH)
Leverage (Overseas) Ltd., and as assignees of shares in            :
Bear Stearns High-Grade Structured Credit Strategies               :
Enhanced Leverage (Overseas) Ltd., et al.,                         :
                                                                   :
                Plaintiffs,                                        :
                                                                   :
        v.                                                         :
                                                                   :
THE BEAR STEARNS COMPANIES INC., et al.,                           :
                                                                   :
                Defendants,                                        :
                                                                   :
        and                                                        :
                                                                   :
BEAR STEARNS HIGH-GRADE STRUCTURED                                 :
CREDIT STRATEGIES FUND, L.P., et al.,                              :
                                                                   :
                Nominal Defendant.                                 :
------------------------------------- x
```

Defendant Matthew Tannin respectfully submits this reply memorandum of law in further support of his motion to dismiss the amended complaints ("AC") filed in *Navigator Capital Partners, L.P.* v. *Bear Stearns Asset Management, et al.* (No. 07 Civ. 07783), *FIC, L.P.* v. *Bear Stearns Asset Management, et al.* (No. 07 Civ. 11633), and *Varga, et al.* v. *The Bear Stearns Companies Inc., et al.* (No. 08 Civ. 03397). Mr. Tannin joins in the arguments, to the extent they apply to him, made by the Bear Stearns Defendants in their opening brief and reply papers, but writes separately to address two additional arguments he raised in his separate opening brief.[1]

### ARGUMENT

**I.    Breach of Contract**

As discussed in Mr. Tannin's opening brief, FIC's and Navigator's breach of contract claims against Mr. Tannin fail not only for the reasons identified by the Bear Stearns Defendants' papers, but also because Mr. Tannin was not a party to the agreements alleged in either amended complaint. As a result, even if FIC and Navigator had otherwise stated valid contract claims, Mr. Tannin individually could not be held liable for any alleged breach of the contracts' terms. In fact, both Navigator and FIC concede this point and have agreed that the breach of contract claims against Mr. Tannin and other individuals should be dismissed. (*See* Navigator Br. at 15, n.4; FIC Br. at 29 n.14.) It is therefore clear that the breach of contract claims against Mr. Tannin must be dismissed.

**II.   Breach of Fiduciary Duty**

Navigator also fails to establish a viable breach of fiduciary duty claim against Mr. Tannin. As Mr. Tannin pointed out in his opening brief, Navigator's first count – a class claim for breach of fiduciary duty against Mr. Tannin and other "Management Defendants" based on

---

[1] Defendant Raymond McGarrigal also joins in the Bear Stearns Defendants' reply and Mr. Tannin's separate reply, to the extent the arguments apply to him.

an alleged "pattern of willful, grossly negligent, and/or bad faith nondisclosure, obfuscation and misrepresentation of material facts regarding the Partnership and the Master Fund" (Navigator AC ¶ 372) – should be dismissed because Navigator will not be able to prove class-wide reliance, an essential element of such a claim.  In its opposition brief, Navigator argues that its charges in Count 1 do not sound in fraud, and also disputes that there is a reliance requirement for its claim.  Navigator is wrong in both respects.

Despite Navigator's best efforts to characterize its fiduciary duty claim otherwise, there can be no doubt that Count 1 sounds in fraud.  In paragraph 372 of Count 1, for example, Navigator alleges various ways in which the Management Defendants supposedly breached their fiduciary duty of disclosure.  Each of these examples illustrates that Navigator's breach of fiduciary duty claim is based on fraud-like charges involving alleged misrepresentations and omissions.  Specifically, Navigator alleges that the Management Defendants breached their fiduciary duties by:

- Misrepresenting and failing to disclose facts material to the true performance of the Partnership
- Concealing and/or misrepresenting facts related to the liquidity of the Partnership
- Providing financial statements that did not fully, completely, or accurately reflect the Partnership's investments or financial condition
- Misrepresenting and omitting the true volume of requests for redemptions and execution of subscriptions by Limited Partners
- Failing to disclose to the Limited Partners at any time during the Class Period that the Management Defendants were acting in a manner inconsistent with their obligations

(Navigator AC ¶ 372.)  It is difficult to see how these allegations of misrepresentations and inaccurate disclosures could be viewed as anything but allegations of fraudulent conduct.

Indeed, they are strikingly similar to the allegations underlying Navigator's common law fraud claim based on alleged misrepresentations and omissions.[2] (*See* Navigator AC ¶ 386.)

Delaware law specifically requires a showing of reliance for any breach of fiduciary duty claim based on these types of alleged misleading disclosures. As explained in detail in *Metro Communication Corp. BVI* v. *Advanced MobileComm Tech. Inc.*, 854 A.2d 121 (Del. Ch 2004), there are different contexts in which fiduciaries speak, and the requirements for proving a disclosure-based fiduciary duty claim vary depending on the context. "When the fiduciaries communicate with the beneficiaries in the context of asking the beneficiary to make a discretionary decision – such as whether to grant a proxy, to vote yes or no on a particular matter, or to seek appraisal or accept merger consideration," reliance need not be proved. *Id.* at 156. But when, as here, the fiduciaries make alleged disclosures "not connected to a specific request for the [beneficiaries] to make a discretionary voting or tendering decision," Delaware law sets "a very high bar" and requires the plaintiff to show both scienter and "reasonable reliance." *Id.* at 157-58; *see also Malone* v. *Brincat*, 722 A.2d 5, 14-15, n.47 (Del. 1998) (recognizing a disclosure-based fiduciary duty claim outside the proxy or tender offer context, but noting that any such claim would need to prove justifiable reliance). Further, as Mr. Tannin explained in his opening brief, this sort of disclosure-based claim cannot be maintained on a

---

[2]    Navigator cites to *Buckley* v. *O'Hanlon*, No. 04-955GMS, 2007 WL 956947 (D. Del. Mar. 28, 2007), to support the contention that its breach of fiduciary duty claim does not sound in fraud. (*See* Navigator Br. at 16.) Navigator's reliance on this case is misplaced. In *Buckley*, the court determined that although plaintiff's breach of fiduciary duty claim was based on conduct described as "intentional or knowing," the claim did not sound in fraud. But there, unlike here, plaintiff's fiduciary duty claim was not based on alleged misrepresentations or omissions to investors. Rather, the plaintiff alleged that defendants breached their fiduciary duties because they knew or should have known that violations of law were taking place and failed to take action to remedy the situation. Further, *Buckley* specifically acknowledges that depending on the allegations, breach of fiduciary duty claims can sound in fraud and trigger the heightened pleading requirements of Federal Rule of Civil Procedure 9(b). *Buckley*, 2007 WL 956947, at **3-4.

3

class basis "since individual questions of law or fact, particularly as to the element of justifiable reliance, will inevitably predominate over common questions of law or fact." *Gaffin* v. *Teledyne, Inc.*, 611 A.2d 467, 474 (Del. 1992); *see also Metro Commc'n*, 854 A.2d at 161.

Because Navigator will be unable to plead or prove class-wide reliance upon any alleged misrepresentations or inaccurate disclosures, Navigator's class claim for breach of fiduciary duty against Mr. Tannin and other Management Defendants, like its class claim for common law fraud, should be dismissed with prejudice. It cannot proceed on a class basis.

## CONCLUSION

For all the foregoing reasons, as well as the reasons articulated in all of the defendants' papers, Mr. Tannin respectfully requests that the Court dismiss the claims asserted against him in the *Navigator, FIC,* and *Varga* actions.

Dated:    New York, New York
          December 19, 2008

                                                    Respectfully submitted,


                                          By:   /s/ Nina M. Beattie
                                                Nina M. Beattie
                                                Theresa Trzaskoma
                                                MaryAnn Sung
                                                BRUNE & RICHARD LLP
                                                80 Broad Street
                                                New York, New York 10004
                                                Phone: (212) 668-1900
                                                Fax:    (212) 668-0315
                                                nbeattie@bruneandrichard.com
                                                ttrzaskoma@bruneandrichard.com
                                                msung@bruneandrichard.com

                                                *Attorneys for Defendant Matthew M. Tannin*

4