UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
FIC, L.P., individually, and on behalf of itself and all others similarly situated,

          Plaintiff,

    v.

BEAR STEARNS ASSET MANAGEMENT, INC., RALPH CIOFFI, RAYMOND MCGARRIGAL, MATTHEW TANNIN, BEAR STEARNS SECURITIES CORP., THE BEAR STEARNS COMPANIES INC., and BEAR STEARNS & CO. INC.,

          Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

ECF

No. 07-CV-11633 (AKH)

JURY TRIAL DEMANDED

## DEFENDANT MATTHEW TANNIN'S ANSWER TO PLAINTIFF'S AMENDED CLASS ACTION AND VERIFIED DERIVATIVE COMPLAINT

Defendant Matthew M. Tannin ("Tannin"), through his counsel Brune & Richard LLP, hereby answers the First Amended Class Action and Verified Derivative Complaint (the "Amended Complaint") of Plaintiff FIC, L.P. ("Plaintiff" or "FIC").

### GENERAL DENIAL

Pursuant to Fed. R. Civ. P. 8(b), except as specifically identified below, Mr. Tannin generally denies each and every allegation in the Amended Complaint, including any and all allegations that he has engaged in any wrongful conduct, and he denies that he has any liability in this matter.

Mr. Tannin acted with honesty, integrity and in good faith, and he specifically denies any allegation to the contrary. As will be proved at trial, the collapse of the Bear Stearns High-Grade Structured Credit Strategies Enhanced Leverage Fund (the "EL Fund" or the "Partnership") was

not caused by anything Mr. Tannin supposedly did or did not do, but instead by a tremendous dislocation in and collapse of the global credit markets.

Where the allegations in the Amended Complaint are not directed at Mr. Tannin, no response is required and no response has been provided below. Any lack of response should not be construed as an admission by Mr. Tannin that the facts alleged or the characterizations asserted in those paragraphs are accurate.

### SPECIFIC RESPONSES TO INDIVIDUAL ALLEGATIONS

1. Deny the allegations contained in paragraph 1, except admit that FIC purports to assert claims derivatively on behalf of the EL Fund.

2. Deny the allegations contained in paragraph 2, except admit that the Bear Stearns High-Grade Structured Credit Strategies Enhanced Leverage Master Fund (the "EL Master Fund") filed for bankruptcy protection in the Cayman Islands on or about July 31, 2007, that the EL Master Fund was incorporated in the Cayman Islands, and that the assets of the EL Fund were invested in the EL Master Fund.

3. Deny the allegations contained in paragraph 3, except admit that (i) the EL Fund was formed in or around the summer of 2006, (ii) BSAM solicited existing investors in the Bear Stearns High-Grade Structured Credit Strategies, L.P. (the "HG Fund") as well as new investors to invest in the EL Fund, (iii) the HG Fund and the EL Fund were feeder funds that invested assets into master funds; (iv) there were two overseas feeder funds – the Bear Stearns High Grade Structured Credit Strategies (Overseas) Ltd. ("the HG Overseas Fund") and the Bear Stearns High-Grade Structured Credit Strategies Enhanced Leverage (Overseas) (the "EL Overseas Fund").

4. Deny the allegations contained in paragraph 4.

5. Deny the allegations contained in paragraph 5, state that to the extent this paragraph purports to assert legal assertions no response is required, and refer to the Bear Stearns High-Grade Structured Credit Strategies Enhanced Leverage Fund, L.P. Amended and Restated Limited Partnership Agreement, dated as of July 31, 2006 (the "LPA") for its complete terms and contents.

6. Deny the allegations contained in paragraph 6.

7. Deny the allegations contained in paragraph 7.

8. Deny the allegations contained in paragraph 8.

9. Deny the allegations contained in paragraph 9.

10. Deny the allegations contained in paragraph 10.

11. Deny the allegations contained in paragraph 11.

12. Deny the allegations contained in paragraph 12.

13. Deny the allegations contained in paragraph 13, except refer to the Administrative Complaint in *In the Matter of Bear Stearns Asset Management, Inc.*, Dkt. No. E-2007-0064 (Mass.) (the "Massachusetts Complaint") for a statement of its allegations.

14. Deny the allegations contained in paragraph 14, except refer to the complaint filed in *Barclays Bank PLC* v. *Bear Stearns Asset Management Inc. et al.*, No. 07 Civ. 11400 (LAP) (S.D.N.Y.) (the "Barclays Complaint") for a statement of its allegations and parties, and further state that this action has been dismissed with prejudice.

15. Deny the allegations contained in paragraph 15, refer to the complaint filed in *Varga* v. *Bear Stearns Asset Management, et al.*, No. 08 Civ. 03397 (AKH) (S.D.N.Y.) for a statement of its allegations, and further state that two amended complaints and a Notice of

47739

Dismissal have been filed in the *Varga* action and refer to those documents for a statement of their allegations and/or terms.

16. Deny the allegations contained in paragraph 16, except admit that the U.S. Attorney's Office for the Eastern District of New York and the SEC conducted investigations concerning the Funds, and refer to the indictment and the SEC's complaint for statements of their allegations, and admit that articles appeared in the *Wall Street Journal*, *Bloomberg* and *BusinessWeek* concerning the Funds but otherwise deny the allegations concerning these publications.

17. Deny the allegations contained in paragraph 17, except admit that the referenced article was published in the *Wall Street Journal*.

18. The allegations contained in paragraph 18 constitute legal assertions as to which no response is required.

19. The allegations contained in paragraph 19 constitute legal assertions as to which no response is required.

20. Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 20.

21. Deny the allegations contained in paragraph 21, except admit that (i) BSAM was at all relevant times a corporation organized under the laws of the State of New York and at times had its principal office located at 383 Madison Avenue, New York, New York; (ii) BSAM was the General Partner of the EL Fund; and (iii) BSAM was the Investment Manager of the EL Fund.

22. Deny the allegations contained in paragraph 22, except admit that (i) BS&Co. was a corporation organized under the laws of the State of Delaware with its principal office located at

383 Madison Avenue, New York, New York; and (ii) BS&Co. was the placement agent to the EL Master Fund.

23.     Deny the allegations in paragraph 23 of the Complaint, except admit that (i) BSC was a corporation organized under the laws of the State of Delaware with its principal office located at 383 Madison Avenue, New York, New York; (ii) BSC was the parent of BSAM and BS&Co.; and (iii) pursuant to an agreement between BSC and JPMorgan Chase & Co. ("JPMC"), dated March 16, 2008, a merger subsidiary of JPMC was formed to merge with and into BSC.

24.     Paragraph 24 sets forth a defined term as to which no response is required.

25.     Deny the allegations contained paragraph 25, except admit that Mr. Cioffi joined Bear Stearns in 1985, was a Director of BSAM, acted as Senior Portfolio Manager of the EL Fund and the EL Master Fund, left BSAM's employ on or about November 28, 2007, and, upon information and belief, is a resident of New Jersey, and further refer to the Preliminary Confidential Private Placement Memorandum for Bear Stearns High-Grade Structured Credit Strategies Enhanced Leverage Fund, L.P., dated June 30, 2006 (the "PPM"), the Subscription Agreements for the Partnership, and LPA (collectively, the "Offering Materials") for their complete terms and contents..

26.     Deny the allegations contained in paragraph 26, except admit, upon information and belief, that Mr. McGarrigal is a resident of New York, and further admit that at times he was a Managing Director at BSAM, and that he acted as a portfolio manager for the EL Fund and the EL Master Fund.

47739

27. Deny the allegations contained in paragraph 27, except admit that Mr. Tannin is a resident of New York, that he was a Senior Managing Director at BSAM, and that he acted as Chief Operating Officer of the EL Fund and the EL Master Fund.

28. Paragraph 28 sets forth a defined term as to which no response is required.

29. Deny the allegations contained paragraph 29, except admit that the EL Fund was formed as a Delaware limited partnership on or about June 9, 2006, that limited partnership interests in the EL Fund were offered through the PPM and were private offerings pursuant to exemptions provided by Section 4(2) of the Securities Act of 1933, Rule 506, and applicable state securities laws, and that investors in the EL Fund entered into subscription agreements.

30. Deny the allegations contained in paragraph 30, except admit that the HG Fund and the HG Overseas Fund were created in or about October 2003 and that these funds served as feeder funds for the HG Master Fund.

31. Deny the allegations contained in paragraph 31, except deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in the first sentence and refer to the preliminary performance profiles (the "PPPs") for August 2006 and January 2007 for their terms and contents.

32. Deny the allegations contained in paragraph 32, except admit that the EL Fund and the EL Overseas Fund were feeder funds to the EL Master Fund.

33. Deny the allegations contained in paragraph 33, except refer to the Offering Materials for their complete terms and contents.

34. Deny the allegations contained in paragraph 34, except refer to the Offering Materials, the Confidential Private Placement Memorandum for the HG Fund, and the Bear

6

47739

Stearns High-Grade Structured Credit Strategies, L.P. Amended and Restated Limited Partnership Agreement for their complete terms and contents.

35. Deny the allegations contained in paragraph 35, except admit that Barclays provided leverage to the EL Fund and refer to the PPM for its complete terms and contents.

36. Deny the allegations contained in paragraph 36, except refer to the PPM and the letter agreement between the Partnership and Barclays Bank PLC, dated August 1, 2006, including all annexes to that agreement (the "Barclays Domestic Swap Agreement"), for their complete terms and contents.

37. Deny the allegations contained in paragraph 37, except refer to the PPM and the Barclays Domestic Swap Agreement for their complete terms and contents.

38. Deny the allegations contained in paragraph 38, except refer to the PPM for its complete terms and contents.

39. Deny the allegations contained in paragraph 39, except refer to the PPM for its complete terms and contents.

40. Deny the allegations contained in paragraph 40, except refer to the PPM for its complete terms and contents.

41. Deny the allegations contained in paragraph 41, except refer to the PPM and the Barclays Domestic Swap Agreement for their complete terms and contents.

42. Admit the allegations contained in paragraph 42, but refer to the PPM for its complete terms and contents.

43. Deny the allegations contained in paragraph 43, except refer to the PPM for its complete terms and contents.

44. Deny the allegations contained in paragraph 44, except refer to the PPM for its complete terms and contents.

45. Deny the allegations contained in paragraph 45, except refer to the PPM for its complete terms and contents.

46. Deny the allegations contained in paragraph 46, except refer to the PPM for its complete terms and contents.

47. Deny the allegations contained in paragraph 47, except refer to the PPM for its complete terms and contents.

48. Deny the allegations contained in paragraph 48, except refer to the PPM for its complete terms and contents.

49. Deny the allegations contained in paragraph 49, except refer to the PPM for its complete terms and contents.

50. Deny the allegations contained in paragraph 50, except refer to the PPM for its complete terms and contents.

51. Deny the allegations contained in paragraph 51, except refer to the PPM for its complete terms and contents.

52. Deny the allegations contained in paragraph 52, except refer to the PPM for its complete terms and contents.

53. Deny the allegations contained in paragraph 53, except refer to the PPM for its complete terms and contents.

54. Deny the allegations contained in paragraph 54, except admit the Partnership, at times, paid the General Partner an advisory fee and a profit share in accordance with the terms of the Offering Materials, and, to the extent the allegations contained in paragraph 54 purport to

47739

quote or describe the PPM, refer to the PPM for its complete terms and contents, and also refer to the Offering Materials for their complete terms and contents.

55. Deny the allegations contained in paragraph 55, except refer to the PPM for its complete terms and contents.

56. Deny the allegations contained in paragraph 56, except refer to the PPM for its complete terms and contents.

57. Deny the allegations contained in paragraph 57, except refer to the Offering Materials for their complete terms and contents.

58. Deny the allegations contained in paragraph 58, except refer to the Offering Materials for their complete terms and contents.

59. Deny the allegations contained in paragraph 59, except refer to the Offering Materials for their complete terms and contents.

60. Deny the allegations contained in paragraph 60, except refer to the Offering Materials for their complete terms and contents.

61. Deny the allegations contained in paragraph 61, and refer to the PPM for its terms and contents.

62. Deny the allegations contained in paragraph 62, except admit that "mark-to-market" is an accounting method that may be used to assign a value to certain types of assets under certain circumstances and refer to the PPM for its terms and contents.

63. Deny the allegations contained in paragraph 63, except refer to the PPM for its complete terms and contents.

64. Deny the allegations contained in paragraph 64, except refer to the PPM for its complete terms and contents.

47739

65. Deny the allegations contained in paragraph 65, except refer to the PPM for its complete terms and contents.

66. Deny the allegations contained in paragraph 66 and further state that to the extent this paragraph contains legal assertions, no response is required.

67. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 67, except refer to the PPM for its complete terms and contents.

68. Deny the allegations contained in paragraph 68.

69. Deny the allegations contained in paragraph 69, except admit that on September 18, 2006, Mr. Tannin sent an email to Mr. Cioffi and others that contained, in part, the quoted language, but refer to that email for its complete contents, deny all negative inferences and implications regarding the meaning of those words or that message, and further state that the quotes from the email cannot properly be understood without reference to the rest of the email and the larger context.

70. Deny the allegations contained in paragraph 70, except admit the allegations contained in the first sentence.

71. Deny the allegations contained in paragraph 71, except refer to the LPA for its terms and contents, and further state that to the extent that this paragraph contains legal assertions no response is required.

72. Deny the allegations contained in paragraph 72.

73. Deny the allegations contained in paragraph 73.

74. Deny the allegations contained in paragraph 74, except admit that on September 17, 2006, Mr. Cioffi sent Mr. Tannin an email that contained, in part, the quoted language, but

refer to that email for its complete contents, deny all negative inferences and implications regarding the meaning of those words or that message, and further state that the quotes from the email cannot properly be understood without reference to the rest of the email and the larger context.

75.  Deny the allegations contained in paragraph 75, except admit that the EL Fund received subscriptions from a percentage of Limited Partners in the HG Fund and that certain assets were transferred from the HG Master Fund to the EL Master Fund.

76.  Deny the allegations contained in paragraph 76, except refer to the PPM for its complete terms and contents.

77.  Deny the allegations contained in paragraph 77, except refer to the Massachusetts Complaint for a statement of its allegations.

78.  Deny the allegations contained in paragraph 78.

79.  Deny the allegations contained in paragraph 79.

80.  Deny the allegations contained in paragraph 80.

81.  Deny the allegations contained in paragraph 81.

82.  Deny the allegations contained in paragraph 82.

83.  Deny the allegations contained in paragraph 83, except refer to the PPM for its complete terms and contents, and refer to the Massachusetts Complaint for a statement of its allegations.

84.  Deny the allegations contained in paragraph 84, except admit that Lennon and Wilson-Clarke were listed in the PPM as independent directors of the Master Fund, and refer to the PPM for its complete terms and contents.

85. Deny the allegations contained in paragraph 85, except admit that the referenced article was published in the *Wall Street Journal*.

86. Deny the allegations contained in paragraph 86, and refer to the Offering Materials for their complete terms and contents.

87. Deny the allegations contained in paragraph 87.

88. Deny the allegations contained in paragraph 88.

89. Deny the allegations contained in paragraph 89, except admit that the referenced article was published in *BusinessWeek*.

90. Deny the allegations contained in paragraph 90, except admit that the referenced article was published in *BusinessWeek*.

91. Deny the allegations contained in paragraph 91, except admit that the referenced article was published in the *Wall Street Journal*.

92. Deny the allegations contained in paragraph 92, except refer to any accurate audio recording of the referenced call for its complete contents and further state that any excerpt from that call cannot properly be understood without reference to the rest of the call or the larger context.

93. Deny the allegations contained in paragraph 93, except refer to any accurate audio recording of the referenced call for its complete contents, and further state that any excerpt from that call cannot properly be understood without reference to the rest of the call or the larger context.

94. Deny the allegations contained in paragraph 94, except refer to any accurate audio recording of the referenced call for its complete contents, and further state that any excerpt from

47739

that call cannot properly be understood without reference to the rest of the call or the larger context.

95. Deny the allegations contained in paragraph 95, except refer to any accurate audio recording of the referenced call for its complete contents, and further state that any excerpt from that call cannot properly be understood without reference to the rest of the call or the larger context.

96. Deny the allegations contained in paragraph 96.

97. Deny the allegations contained in paragraph 97, except admit that the referenced article was published in the *Wall Street Journal*, and refer to the indictment and the SEC complaint for a statement of their allegations.

98. Deny the allegations contained in paragraph 98, except admit that the referenced article was published in the *Wall Street Journal*.

99. Deny the allegations contained in paragraph 99, except refer to the March 2007 PPP for its complete terms and contents.

100. Deny the allegations contained in paragraph 100, and refer to a June 8, 2007 Letter to Investors for its contents.

101. Deny the allegations contained in paragraph 101, except admit that the referenced article was published in the *Wall Street Journal* and refer to a June 7, 2007 Letter to Investors for its contents.

102. Deny the allegations contained in paragraph 102, except admit that the referenced article was published in *BusinessWeek,* and refer to the Offering Materials for their terms and contents.

103. Deny the allegations contained in paragraph 103.

47739

104. Deny the allegations contained in paragraph 104, except admit that BSC publicly announced on June 22, 2007 that it intended to provide up to $3.2 billion in financing to the HG Master Fund and refer to the June 22, 2007 press release for its complete contents, and admit that certain repo counterparties exercised their rights under their respective repo agreements to terminate the financing and retain ownership of the pledged collateral.

105. Deny the allegations contained in paragraph 105, and refer to referenced letter for its complete contents.

106. Deny the allegations contained in paragraph 106.

107. Deny the allegations contained in paragraph 107, except admit that the Master Funds filed for bankruptcy protection on or about August 1, 2007.

108. Deny the allegations contained in paragraph 108, except admit that the referenced article was published in the *Wall Street Journal*.

109. Deny the allegations contained in paragraph 109, except admit that the referenced article was published in the *Wall Street Journal*.

110. Deny the allegations contained in paragraph 110, except admit that plaintiff purports to assert certain of its claims derivatively on behalf of the Partnership.

111. Deny the allegations contained in paragraph 111.

112. Deny the allegations contained in paragraph 112, except deny knowledge and information sufficient to form a belief as to the truth or accuracy of the allegations concerning FIC.

113. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 113.

47739

114.	Deny the allegations contained in paragraph 114, except admit that BSAM was the General Partner of the Partnership and that plaintiff did not make a pre-suit demand.

115.	Plaintiff has withdrawn its class claims and for that reason, no response to this paragraph is required.

116.	Plaintiff has withdrawn its class claims and for that reason, no response to this paragraph is required.

117.	Plaintiff has withdrawn its class claims and for that reason, no response to this paragraph is required.

118.	Plaintiff has withdrawn its class claims and for that reason, no response to this paragraph is required.

119.	Plaintiff has withdrawn its class claims and for that reason, no response to this paragraph is required.

120.	Plaintiff has withdrawn its class claims and for that reason, no response to this paragraph is required.

121.	Plaintiff has withdrawn its class claims and for that reason, no response to this paragraph is required.

122.	Plaintiff has withdrawn its class claims and for that reason, no response to this paragraph is required.

## As to Count I

123.	Mr. Tannin repeats and realleges his responses in each of the preceding paragraphs.

124.	Plaintiff has withdrawn its class claims and for that reason, no response to this paragraph is required.

47739

125. Plaintiff has withdrawn its class claims and for that reason, no response to this paragraph is required.

126. Plaintiff has withdrawn its class claims and for that reason, no response to this paragraph is required.

127. Plaintiff has withdrawn its class claims and for that reason, no response to this paragraph is required.

128. Plaintiff has withdrawn its class claims and for that reason, no response to this paragraph is required.

## As to Count II

129. Mr. Tannin repeats and realleges his responses to each of the preceding paragraphs.

130. Plaintiff has withdrawn its class claims and for that reason, no response to this paragraph is required.

131. Plaintiff has withdrawn its class claims and for that reason, no response to this paragraph is required.

132. Plaintiff has withdrawn its class claims and for that reason, no response to this paragraph is required.

133. Plaintiff has withdrawn its class claims and for that reason, no response to this paragraph is required.

134. Plaintiff has withdrawn its class claims and for that reason, no response to this paragraph is required.

135. Plaintiff has withdrawn its class claims and for that reason, no response to this paragraph is required.

## As to Count III

136.   Mr. Tannin repeats and realleges his responses to each of the preceding paragraphs.

137.   Plaintiff has withdrawn its class claims and for that reason, no response to this paragraph is required.

138.   Plaintiff has withdrawn its class claims and for that reason, no response to this paragraph is required.

139.   Plaintiff has withdrawn its class claims and for that reason, no response to this paragraph is required.

140.   Plaintiff has withdrawn its class claims and for that reason, no response to this paragraph is required.

141.   Plaintiff has withdrawn its class claims and for that reason, no response to this paragraph is required.

142.   Plaintiff has withdrawn its class claims and for that reason, no response to this paragraph is required.

143.   Plaintiff has withdrawn its class claims and for that reason, no response to this paragraph is required.

## As to Count IV

144.   Mr. Tannin repeats and realleges his responses to each of the preceding paragraphs.

145.   The allegations contained in paragraph 145 constitute legal conclusions as to which no response is required.

146.   Deny the allegations contained in paragraph 146.

147.   Deny the allegations contained in paragraph 147.

47739

148. Deny the allegations contained in paragraph 148, except admit that plaintiff did not make a pre-suit demand.

## As to Count V

149. Mr. Tannin repeats and realleges his responses to each of the preceding paragraphs.

150. The allegations contained in paragraph 150 constitute legal conclusions as to which no response is required.

151. Deny the allegations contained in paragraph 151.

152. Deny the allegations contained in paragraph 152.

153. Deny the allegations contained in paragraph 153.

154. Deny the allegations contained in paragraph 154, except admit that plaintiff did not make a pre-suit demand.

## DEFENSES

### First Affirmative Defense

The Amended Complaint fails to state a cause of action against Mr. Tannin.

### Second Affirmative Defense

All or part of plaintiff's claims are barred by its failure to make a pre-suit demand or to allege that such demand would have been futile.

### Third Affirmative Defense

All or part of plaintiff's claims are barred by the exculpatory clauses in the Offering Materials.

### Fourth Affirmative Defense

All or part of plaintiff's claims are preempted by the Martin Act.

### Fifth Affirmative Defense

All or part of plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

### Sixth Affirmative Defense

All or part of plaintiff's claims are barred by the doctrines of waiver and estoppel.

### Seventh Affirmative Defense

The claims are barred, in whole or in part, by the doctrine of acquiescence.

### Eighth Affirmative Defense

Any injury allegedly sustained by plaintiff or the EL Fund was not directly or proximately caused by any conduct or act of Mr. Tannin.

### Ninth Affirmative Defense

Plaintiff has not adequately pleaded reliance (or allegations giving rise to a presumption of reliance) on the alleged misrepresentations cited in the Amended Complaint.

### Tenth Affirmative Defense

All or part of plaintiff's claims are barred to the extent they fail to comply with Fed. R. Civ. P. 9(b)'s requirement that fraud-based claims be pleaded with particularity.

### Eleventh Affirmative Defense

The Amended Complaint is barred by the terms of the Offering Materials.

### Twelfth Affirmative Defense

To the extent any damages were suffered by the EL Fund, such damages should be offset by amounts owed by the Partnership to Mr. Tannin.

### Thirteenth Affirmative Defense

All or part of plaintiff's claims are barred because plaintiff has failed to plead any material misrepresentations or material actionable omissions.

## PRAYER FOR RELIEF

WHEREFORE, Defendant Matthew Tannin respectfully requests that the Court:

1. Enter judgment in his favor;

2. Award him attorneys' fees and other costs; and

3. Award him such other relief as this Court may deem just and proper.

:

Dated: New York, New York  By:  s/ Theresa Trzaskoma
       May 22, 2009
                                                  Susan E. Brune
                                                  Nina M. Beattie
                                                  Theresa Trzaskoma
                                          BRUNE & RICHARD LLP
                                          80 Broad Street
                                          New York, New York 10004
                                          Phone: (212) 668-1900
                                          Fax: (212) 668-0315
                                          sbrune@bruneandrichard.com
                                          nbeattie@bruneandrichard.com
                                          ttrzaskoma@bruneandrichard.com

47739