**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**



───────────────────────────────── x

NAVIGATOR CAPITAL PARTNERS, L.P., on behalf of:
itself and all others similarly situated,          :
                                                   :
                              Plaintiff,           :
                                                   :    No. 07 Civ. 7783 (AKH)
                   - against -                     :
                                                   :
BEAR STEARNS ASSET MANAGEMENT INC., *et al.,* :
                                                   :
                              Defendants,          :
                                                   :
                     - and -                       :
                                                   :
BEAR STEARNS HIGH-GRADE STRUCTURED                 :
CREDIT STRATEGIES, L.P.,                           :
                                                   :
                       Nominal Defendant.          :
                                                   :
───────────────────────────────── x



FIC, L.P., individually, and on behalf of all others :
similarly situated,                                :
                                                   :
                              Plaintiff,           :    No. 07 Civ. 11633 (AKH)
                                                   :
                   - against -                     :
                                                   :
BEAR STEARNS ASSET MANAGEMENT INC., *et al.,* :
                                                   :
                              Defendants,          :
                                                   :
                     - and -                       :
                                                   :
BEAR STEARNS HIGH-GRADE STRUCTURED                 :
CREDIT STRATEGIEqS ENHANCED LEVERAGE,              :
L.P.,                                              :
                       Nominal Defendant.          :
                                                   :
───────────────────────────────── x

EC.31529.1

```
                                                          x
                                                          :
GEOFFREY VARGA and WILLIAM                                :    No. 08 Civ. 03397 (AKH)
CLEGHORN, as Joint Voluntary Liquidators of               :
Bear Stearns High-Grade Structured Credit                 :
Strategies (Overseas) Ltd. and Bear Stearns               :
High-Grade Structured Credit Strategies                   :
Enhanced Leverage (Overseas) Ltd.,                        :
                                                          :
                  Plaintiffs,                             :
                                                          :
              -against-                                   :
                                                          :
THE BEAR STEARNS COMPANIES, INC., BEAR                    :
STEARNS ASSET MANAGEMENT INC., BEAR,                      :
STEARNS & CO. INC., RALPH CIOFFI, MATTHEW                 :
TANNIN, RAYMOND MCGARRIGAL, BARRY                         :
JOSEPH COHEN, GERALD R. CUMMINS, DAVID                    :
SANDELOVSKY and GREG QUENTAL,                             :
                                                          :
                  Defendants.                             :
                                                          :
                                                          :
                                                          x
                                                          :
                                                          :
STILLWATER MARKET NEUTRAL FUND II LP,                     :
                                                          :    No. 09 Civ. 4223 (AKH)
                                                          :
                  Plaintiff,                              :
                                                          :
                                                          :
              -against-                                   :
                                                          :
                                                          :
BEAR STEARNS ASSET MANAGEMENT INC., et al., :
                                                          :
                                                          :
                  Defendants,                             :
                                                          :
                                                          :
              - and -                                     :
                                                          :
                                                          :
BEAR STEARNS HIGH-GRADE STRUCTURED                        :
CREDIT STRATEGIES FUND, LP,                               :
                                                          :
                  Nominal Defendant.                      :
                                                          :
                                                          x
```

```
                                                    x
                                                    :
GEOFFREY VARGA and WILLIAM CLEGHORN, as             :
Joint Official Liquidators of Bear Stearns High-Grade :
Structured Credit Strategies (Overseas) Ltd. and Bear : No. 09 Civ. 04936 (AKH)
Stearns High-Grade Structured Credit Strategies      :
Enhanced Leverage (Overseas) Ltd.,                   :
                                                    :
                                                    :
                       Plaintiffs,                  :
                                                    :
                                                    :
                    -against-                       :
                                                    :
                                                    :
DELOITTE & TOUCHE LLP, et al.,                       :
                                                    :
                                                    :
                       Defendants.                   :
                                                    :
                                                    x
```

## SECOND AMENDED STIPULATION AND PROTECTIVE ORDER

WHEREAS following hearings before this Court on September 8, 2008 and February 24, 2009, parties to the actions Navigator Capital Partners, L.P. v. Bear Stearns Asset Management, Inc., et al., FIC, L.P. v. Bear Stearns Asset Management, Inc., and Varga, et al. v. The Bear Stearns Companies Inc., et al., coordinated for discovery by this Court (the full captions of which appear above and collectively are referred to herein as the "Original Coordinated Actions"), filed an Amended Stipulation and Protective Order which was "so ordered" by this Court on May 5, 2009 (the "First Amended Protective Order"); and

WHEREAS, on April 29, 2009 and May 26, 2009, respectively, defendants in *Stillwater Capital Partners LP v. Bear Stearns Asset Management Inc., et al.* and *Varga et al. v. Deloitte & Touche LLP, et al.* (the full captions of which appear above and collectively are

referred to herein as the "Later Coordinated Actions") removed those cases, which were originally filed in New York State Supreme Court, to this Court;

WHEREAS, plaintiffs in the Later Coordinated Actions filed motions to remand those actions to state court for lack of subject matter jurisdiction;

WHEREAS, on August 25, 2009, this Court denied the motions to remand the Later Coordinated Actions and coordinated them for discovery, without unnecessary duplication, with the Original Coordinated Actions (together with the Later Coordinated Actions, collectively are referred to herein as the "Actions");

WHEREAS, certain parties and non-parties whose documents were produced in connection with related governmental or regulatory proceedings have requested the ability to designate their Discovery Material as "Confidential" or "Highly Confidential" if produced herein;

IT IS HEREBY STIPULATED AND AGREED that the parties to the Actions (the "Parties") hereby agree that the following provisions shall govern disclosure and use of all documents, testimony, and other information produced or given by any person in the course of discovery in the Actions:

1.     The term "Discovery Material," as used herein, shall include any document, deposition testimony, electronic data, interrogatory response, response to requests for admissions, expert reports or other information disclosed or produced by or on behalf of a Party (or any of its attorneys or other agents), or by or on behalf of a non-party (or any of its attorneys or other agents) in the Actions.  All Discovery Material, including but not limited to Discovery Material designated "Confidential" or "Highly Confidential" pursuant to this Stipulation and Protective Order, shall be used solely for the purpose of prosecuting or defending claims in the

2

Actions between or among the Parties, or in connection with the settlement or other disposition of the Actions, and for no other purpose, and shall not be disclosed to any person except as expressly permitted by this Stipulation and Protective Order.

2.      Discovery Material obtained from Deloitte & Touche LLP pursuant to the Agreement Governing Access to Certain Electronic Workpapers of Deloitte & Touche LLP shall be used only in accordance with the terms of that agreement.

3.      Discovery Material that is required to be produced in the Actions by any party, including but not limited to Deloitte & Touche LLP or Deloitte & Touche (Cayman Islands), pursuant to the Stipulation Amending First Joint Discovery Plan dated December 14, 2009 (or any subsequent discovery plan entered in the Actions) must be produced notwithstanding any restrictions upon the disclosure of information contained therein that might otherwise be imposed by applicable statutes, regulations or professional standards; provided however that nothing in this paragraph will affect the applicability of attorney-client or work product privileges.

4.      Deloitte & Touche LLP and Deloitte & Touche (Cayman Islands) do not waive and expressly reserve their right to object to any use by plaintiffs of Discovery Material to respond to motions to dismiss the currently operative complaints in the Later Coordinated Actions or to amend those or any further complaints in the Actions. The Bear Stearns Entity Defendants, the Bear Stearns Director Defendants, Defendants Cioffi, Tannin and McGarrigal, and the Walkers Defendants do not waive and expressly reserve their right to object to any use by Stillwater Market Neutral Fund II LP ("Stillwater") of Discovery Material to respond to motions to dismiss the currently operative complaint in the Stillwater Action or to amend that or any further complaints in the Stillwater Action. Because the Walkers Defendants have not yet

3

answered the operative complaint in FIC, the Walkers Defendants do not waive and expressly reserve their right to object to any use by FIC of Discovery Material to respond to motions to dismiss the currently operative complaint in the FIC Action or to amend that or any further complaints in the FIC Action. All Plaintiffs expressly reserve their right to seek to so use such Discovery Material. If plaintiffs in the Later Coordinated Actions, including Stillwater, intend to use any Discovery Material to respond to motions to dismiss the currently operative complaints or to amend those or any further complaints, such plaintiffs shall give written notice to Deloitte & Touche LLP and/or Deloitte & Touche (Cayman Islands), and in the case of Stillwater additionally to the Bear Stearns Entity Defendants, the Bear Stearns Director Defendants, Defendants Cioffi, Tannin and McGarrigal, and the Walkers Defendants, of their intention to do so no later than ten days prior to the date upon which such response or amended complaint is to be filed or served. The written notice must identify by Bates number the Discovery Material intended to be so used. Because the Bear Stearns Entity Defendants, the Bear Stearns Director Defendants, and Defendants Cioffi, Tannin and McGarrigal have answered the operative complaints in the Navigator, FIC, and Varga Actions, plaintiffs must comply with Rule 15 of the Federal Rules of Civil Procedure in order to amend the complaints in those actions, and the Bear Stearns Entity Defendants, the Bear Stearns Director Defendants, Defendants Cioffi, Tannin and McGarrigal, and Deloitte & Touche LLP and Deloitte & Touche (Cayman Islands) reserve their rights to make any and all arguments in response to such a motion and nothing in this paragraph shall be deemed a waiver of any argument. Because the Walkers Defendants have answered the operative complaints in the Navigator and Varga Actions, plaintiffs must comply with Rule 15 of the Federal Rules of Civil Procedure in order to amend the complaints in those actions, and the

4

Walkers Defendants reserve their rights to make any and all arguments in response to such a motion and nothing in this paragraph shall be deemed a waiver of any argument.

5.      Discovery Material may be designated by any Party to the Actions (each, a "Designating Person"), as "Confidential" or "Highly Confidential," pursuant to the provisions of this Stipulation and Protective Order. A Designating Person may designate as "Confidential" or "Highly Confidential" either Discovery Material disclosed or produced by the Designating Person or Discovery Material disclosed or produced by any other Party or non-party that discloses Confidential or Highly Confidential information of the Designating Person.

6.      Non-parties whose Discovery Material is sought by the Parties to the Actions may designate their Discovery Material as "Confidential" or "Highly Confidential," consistent with the terms of this Stipulation and Protective Order and are considered Designating Persons herein.

7.      The designation of any Discovery Material as Confidential or Highly Confidential shall constitute a representation that such Discovery Material has been reviewed by an attorney for the Designating Person and that there is a valid basis for such designation.

8.      Discovery Material may be designated "Confidential" if the Designating Person has a reasonable, good faith belief that the Discovery Material so designated contains confidential, proprietary commercially sensitive information or personal information of the Designating Person. Notwithstanding anything to the contrary in this paragraph 8 or otherwise in this Stipulation and Protective Order, to the extent that any of the defendants produce to plaintiffs such document productions as were previously provided to any governmental or regulatory agency, then such productions shall be treated as "Confidential" in their entirety for a period of ninety (90) days after production. To get such protection, defendants shall identify by

5

control number which documents were part of a production to a governmental or regulatory

agency. To the extent any such document should be designated "Highly Confidential,"

defendants in these Actions will identify any such document as such. Notwithstanding anything

to the contrary in paragraph 13 or otherwise in this Stipulation and Protective Order, defendants

shall, no later than (90) days after such production, identify in writing the control numbers of all

documents from the governmental or regulatory agency productions that properly qualify for

treatment as Confidential or Highly Confidential as provided for in this Stipulation and

Protective Order.

          9.    Except with the prior written consent of the Designating Person, or upon

Order of this Court, Discovery Material designated "Confidential" (hereafter, "Confidential

Material") shall not be disclosed to any person other than the following (each, for purposes of

"Confidential Material," a "Qualified Person"):

          (a)    named individual defendants in the Actions, Geoffrey Varga and William

                  Cleghorn, and those officers, directors, partners, managing agents or

                  employees of Navigator Capital Partners, L.P., FIC, L.P., Stillwater

                  Market Neutral Fund II LP, Kinetic Partners, The Bear Stearns Companies

                  LLC (f/k/a The Bear Stearns Companies Inc.), Bear Stearns Asset

                  Management Inc., JPMorgan Securities Inc. (f/k/a Bear, Stearns & Co.

                  Inc.), JPMorgan Clearing Corp. (f/k/a Bear, Stearns Securities Corp.),

                  Deloitte & Touche LLP, Deloitte & Touche Cayman Islands, Walkers

                  SPV Limited and Walkers Fund Services Limited who have managerial

                  responsibility with respect to the prosecution, defense, settlement or other

6

disposition of the Actions, together with members of their clerical and/or secretarial staff to the extent reasonably necessary to assist them;

(b)  outside counsel of record for the Parties to the Actions and their associates, secretaries, legal assistants, or other support personnel to the extent reasonably necessary to assist outside counsel in the Actions (collectively, "Outside Litigation Counsel"), in-house counsel and legal assistants and other support personnel assisting in-house counsel in this litigation (collectively, "Inside Legal Counsel"), and any external contractors engaged in any aspect of organizing, copying, coding, imaging, filing, converting, storing or retrieving data, documents, photographs or other information, or designing programs for handling data in connection with the Actions, including performance of such duties in relation to a computerized litigation support system (collectively, "Outside Service Vendors");

(c)  non-party experts, consultants or outside litigation support personnel who are expressly engaged to assist counsel of record in the prosecution, defense, settlement or other disposition of the Actions, together with members of their clerical and/or secretarial staff to the extent reasonably necessary to assist them, provided that such persons have not been employees of any of the Parties to the Actions during the past seven (7) years (collectively, "Outside Litigation Consultants");

(d)  the Court, Court personnel, and jurors;

7

EC.31529.1

        (e)     court reporters and videographers who are retained to transcribe or videotape testimony in the Actions;

        (f)     actual witnesses that counsel for any Party believes in good faith will testify at any deposition, hearing or trial in the Actions, both in advance of their testimony and in the course of assisting them in preparing to testify;

        (g)     any witness testifying at a deposition, hearing or trial in the Actions;

        (h)     defendants' insurers or their counsel.

        10.     Discovery Material may be designated "Highly Confidential" if the Designating Person has a reasonable, good faith belief that the Discovery Material so designated contains highly confidential proprietary financial information or current competitive scientific or marketing information, trade secrets, or product composition information that the Designating Person believes in good faith would cause particularized harm to the Designating Person for which the procedures set forth herein for Discovery Material designated as "Confidential" is not adequate.

        11.     Except with the prior written consent of the Designating Person, or upon prior order of this Court, Discovery Material designated "Highly Confidential" (hereafter, "Highly Confidential Material") shall not be disclosed to any person other than the following (each, for purposes of "Highly Confidential Material," a "Qualified Person"):

        (a)     Outside Litigation Counsel or Inside Legal Counsel (or, for Deloitte Cayman, an individual partner or employee that has been designated for such a role by Outside Litigation Counsel) or Outside Service Vendors;

        (b)     Outside Litigation Consultants;

        (c)     the Court, Court personnel, and jurors;

EC.31529.1

(d)    court reporters and videographers who are retained to transcribe or
videotape testimony in the Actions;

(e)    actual witnesses that counsel for any Party believes in good faith will
testify at any deposition, hearing or trial in the Actions, both in advance of
their testimony and in the course of assisting them in preparing to testify;

(f)    any witness testifying at a deposition, hearing or trial in the Actions; and

(g)    defendants' insurers or their counsel.

12.    Prior to disclosing any Confidential Material to any Qualified Person
described in paragraph 6(c) and (f) or any Highly Confidential Material to any Qualified Person
described in paragraph 8(b) and (e) counsel for the Party or person making the disclosure shall (i)
ensure that a copy of this Stipulation and Protective Order has been provided to such Qualified
Person, and (ii) obtain from such Qualified Person a signed Acknowledgement in the form
annexed hereto as Exhibit A. Each such Acknowledgement shall be retained by counsel
disclosing the Confidential Material or Highly Confidential Material and shall be made available
to the Court for *in camera* inspection only upon a showing of good cause, except that
Acknowledgements of Outside Litigation Consultants shall not be made available for the Court's
*in camera* review unless, and until such time as, the Party engaging such Outside Litigation
Consultants is obligated to identify such individuals. All Qualified Persons who have received
Confidential Material or Highly Confidential Material shall safeguard such material so as to
avoid any disclosure thereof except as provided in this Stipulation and Protective Order.

13.    A Designating Person shall designate documents, interrogatory responses
or responses to other requests for disclosure as "Confidential" or "Highly Confidential" material
by affixing a stamp with the words "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," as the

9

case may be, on the document, interrogatory response, response to other requests for disclosure,

or any expert report before copies thereof are delivered to another Party. A Designating Person

shall designate electronic data as "Confidential" or "Highly Confidential" by affixing a stamp

with the words "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," as the case may be, on the

medium (including, but not limited to, tapes and CDs) on which the electronic data is stored

before copies are delivered to another Party. If a Designating Party, in addition to producing

electronic data on such medium, also produces a hard copy of the electronic data as .tiff images

bearing Bates numbers, the images bearing Bates numbers will be the only version of such

electronic data that will be used at depositions, in submissions to the Court, as exhibits at trial or

for any other purpose that requires the use of a true and accurate copy of the electronic data,

unless otherwise agreed upon by the parties hereto or ordered by the Court.

        14.     Any deposition transcript or videotaped deposition containing

Confidential Material or Highly Confidential Material shall be marked on the cover

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," as the case may be, and shall indicate as

appropriate within the transcript and on the videotape (which term, as used herein, shall include

any DVD or other recording made from such videotape) that the Discovery Material therein has

been so designated. Any Party may designate any portion(s) of the transcript (including exhibits)

or videotape as containing "Confidential" or "Highly Confidential" information by written notice

to all Parties within thirty (30) days after the deposition, designating portions of the transcript or

testimony as Confidential Material or Highly Confidential Material. Until thirty (30) days have

passed after the deposition, the entire transcript and videotape shall be treated as Highly

Confidential Material. Nothing in this Stipulation and Protective Order shall prevent an officer,

director, partner or employee of a Party, who has managerial responsibility with respect to the

prosecution, defense, settlement or other disposition of the Actions, from attending any deposition, except that unless otherwise agreed to by the Designating Person, only persons entitled to receive Confidential Material or Highly Confidential Material shall be present when Discovery Material so designated is disclosed at a deposition.

15.     In the event that any person or Party subject to this Stipulation and Protective Order receives a subpoena, discovery request or other process or order (each, a "Request") seeking production of Discovery Material in his, her or its possession, custody or control, the recipient of such Request shall promptly: (a) advise the attorney for the person issuing or serving the Request that Discovery Material being requested is subject to this Stipulation and Order; and (b) notify the attorneys of record for the Designating Person in writing (by facsimile and/or e-mail) of such Request and furnish them with copies of the Request and any other documents served in connection therewith. The attorney for the Designating Person shall have at least 5 business days from the date of his or her receipt of a copy of said Request to file a motion to quash or modify the Request.  If production of Confidential Material or Highly Confidential Material pursuant to the Request is required by the terms thereof prior to the expiration of this 5-day period, the attorney for the recipient of the Request shall object in writing to the production by stating that the Discovery Material sought has been designated "Confidential" or "Highly Confidential" pursuant to a court order.  The attorney for the recipient of the Request shall be under no obligation to file any motion to quash or modify the Request or take any actions other than to object in writing to the production pending a court order compelling production of the requested materials.  If a motion to quash or modify the Request is made by the Designating Person, there shall be no disclosure of the matter objected to, except sufficient to identify it for purposes of the motion to quash, until the court in which the motion is

11

brought has ruled on the motion, and then only in accordance with the ruling so made. In the event that production of such Confidential Material or Highly Confidential Material is made pursuant to the Request notwithstanding a timely motion to quash or modify the Request, it shall continue to be treated as Confidential Material or Highly Confidential Material by all Parties and persons subject to this Stipulation and Protective Order, unless and until the Court orders otherwise in the Actions. If the Designating Person does not file a motion to quash or modify a Request within the 5-day period provided herein, the person or Party receiving such Request shall be entitled to comply with such Request, provided it has fulfilled its obligations hereunder. Nothing herein shall be construed as requiring the recipient of a Request or anyone else covered by this Stipulation and Protective Order to challenge or appeal any Order directing production of any Confidential Material or Highly Confidential Material or subject itself to any penalty for non-compliance with any legal process or Order or to seek relief from this or any other Court.

16. This Stipulation and Protective Order does not cover the use of any Confidential Material or Highly Confidential Material at any trial.

17. Nothing herein shall impose any restriction on the use or disclosure by any person of its own Discovery Material. Nor shall this Stipulation and Protective Order be construed to prevent any person, its counsel, or its Outside Litigation Consultants from making use as they see fit of information or Discovery Material that was lawfully available to the public or was lawfully in the possession of the Party, its counsel, or its Outside Litigation Consultants, or that a Party saw or could have accessed by virtue of that Party's past or present employment.

18. Nothing contained in the Stipulation and Protective Order, or any designation of confidentiality hereunder or any failure to make such designation, shall be used or characterized by any Party as an "admission" by a Party or a Party opponent.

12

EC.31529.1

19.     Entry of this Stipulation and Protective Order shall be without prejudice to any application for relief from, or modification of, the provisions hereof, or to any other applications relating to the production, exchange, or use of any Discovery Material in the course of the Actions; provided, however, that no such applications shall be made after entry of a final judgment or settlement.  If a Party disagrees with a designation of Discovery Material as "Confidential" or "Highly Confidential," or disputes the limitations on access to be accorded such Discovery Material under this Stipulation and Protective Order, such Party shall provide to the Designating Person written notice of its disagreement and specifically identify the Discovery Material and/or restriction on access in dispute. If, despite good faith effort, the dispute cannot be resolved informally between the Designating Person and the Party disagreeing with the designation or disputing the limitation, the Parties are to prepare the single, joint letter described in Rule 2.E of Judge Hellerstein's Individual Rules.  Pending the Court's ruling, the Discovery Material shall continue to be treated in the manner required by this Stipulation and Protective Order for Discovery Material so designated.

20.     Inadvertent production of any document that a Party or non-party later claims should not have been produced because of a privilege, including without limitation the attorney-client privilege, the work product doctrine or any other applicable privilege or immunity from disclosure (an "Inadvertently Produced Privileged Document"), will not be deemed to waive such privilege or immunity from disclosure.  A Party or non-party may, within ten (10) days of the date of discovery by that Party or non-party of the inadvertent production, request the return of any Inadvertently Produced Privileged Document by identifying the document inadvertently produced and stating the basis for withholding such document from production.  In that event, each Party or non-party in possession of a copy of the Inadvertently Produced

13

EC.31529.1

Privileged Document ("Receiving Party") shall promptly (but in no event later than five days after receiving notice from the Party requesting return) return the Inadvertently Produced Privileged Document and all copies thereof and shall expunge from any other document or material information derived solely from the Inadvertently Produced Privileged Document, unless the Receiving Party determines that it seeks to challenge the request for return of the document. If the Receiving Party determines that it seeks to challenge the request for return of the document, within ten days it shall contact the Producing Party to attempt to resolve the issue in good faith with the Producing Party. If the Parties cannot resolve the issue after good faith attempts, the Parties shall raise the dispute with the Court in a single, joint letter as described in Rule 2.E of Judge Hellerstein's Individual Rules. If the Receiving Party seeks an order from the Court compelling production thereof, it may not assert as a ground for the order sought the fact or circumstances of the inadvertent production. In the event that the Receiving Party seeks an order from the Court regarding an Inadvertently Produced Privileged Document, the Receiving Party may retain possession of the document during the pendency of such application, provided that the document is sequestered and is not used by the Receiving Party during that time except in connection with any application opposing its return. If the Receiving Party does not timely raise the challenge the request for the return of the document as provided herein, it shall promptly return the document.

21. A Party that has inadvertently produced Discovery Material containing Confidential Information or Highly Confidential Information without designating it as "Confidential" or "Highly Confidential," as the case may be, or improperly designating it as "Confidential" rather than "Highly Confidential" or visa versa, may at any time prior to the tenth business day following the fact discovery cutoff in the Actions, redesignate such Discovery

14

EC.31529.1

Material with its proper designation and shall promptly provide marked materials reflecting such designation. The Party receiving such redesignated Confidential Material or Highly Confidential Material shall make a reasonable good faith effort to ensure that any analysis, memoranda, notes, or other materials that were generated based upon such Confidential Material or Highly Confidential Material shall promptly be treated in conformity with any such designation.

22.     In the event that a Party or a non-party produces two or more identical or substantially identical copies of a document or other Discovery Material, and any copy is designated "Confidential" or "Highly Confidential" while other copies of that Party or non-party document are not so designated, all such identical or substantially identical documents or other Discovery Material shall be treated as Confidential Material (or Highly Confidential Material) once notice is given of the inconsistent designation and properly marked materials reflecting such designation are provided. The Designating Person shall be responsible for providing notice of the inconsistent designation and properly marked materials.

23.     All provisions of this Stipulation and Protective Order restricting the use of Discovery Material shall continue to be binding after the conclusion of the Actions, including all appeals, until further order of the Court, unless the Parties agree otherwise in writing. Any and all originals and copies of documents or other Discovery Material designated as Confidential Material or Highly Confidential Material shall, at the request of the Designating Person, be returned to the Designating Person at the Designating Person's expense, or destroyed, within one month (or any longer period of time to which the Designating Party agrees in writing) after a final judgment has been entered in the Actions and the time for appeals has expired, except that the Parties and counsel of record for each Party and any testifying expert for any of the Parties shall be permitted to maintain in its files copies of all Court filings and Court transcripts, expert

15

EC.31529.1

reports and each written discovery request and written response thereto (but not "Confidential" or "Highly Confidential" documents produced in response to a request for production of documents, which documents must be returned to the Designating Person or destroyed in accordance with the procedure identified elsewhere in this paragraph). Upon request from any Party, a Party who elects to destroy Confidential Material or Highly Confidential Material in its possession will certify to the fact that such documents have been destroyed. Nothing in this paragraph shall require any Party to destroy attorney work product or attorney-client communications that contain or reflect Confidential Material or Highly Confidential Material.

24.     Neither this Stipulation and Protective Order nor any Party's designation of Discovery Material as "Confidential" or "Highly Confidential" shall affect the admissibility into evidence of the Discovery Material so designated.

25.     Nothing in this Stipulation and Protective Order is intended to constitute an agreement regarding the scope of discovery.

26.     Prior to filing any motion, brief, discovery request, or pleading in which Confidential Material or Highly Confidential Material is quoted, discussed, relied upon, attached as an exhibit or otherwise disclosed, the filing Party shall either (a) make a motion, consistent with Section 4A of the Court's Individual Rules, requesting permission to file the materials under seal, or (b) provide sufficient notice to the Designating Party to enable the Designating Party to make such a motion. Even if the filing Party believes that the materials subject to the Order are not properly classified as "Confidential" or "Highly Confidential," the filing Party shall comply with the procedure set forth in this paragraph regardless of whether the confidential information to be filed is the Discovery Material of the filing Party.

16

27.    The Court retains jurisdiction subsequent to settlement or entry of

judgment to enforce the terms of this Stipulation and Protective Order.

Dated: New York, New York
       December 3Q 2009


**BRUNE & RICHARD LLP**                    **ENTWISTLE & CAPPUCCI LLP**

By: _____              By: _____
     Nina Beattie                              Arthur V. Nealon
     Theresa Trzaskoma                         Johnston de F. Whitman, Jr.
     MaryAnn Sung                              Stephen D. Oestreich
     80 Broad Street                           Joshua Porter
     New York, New York 10004                  280 Park Avenue, 26th Floor West
     (212) 668-1900                            New York, New York 10017
                                               (212) 894-7200
*Attorneys for Defendant Matthew Tannin*
                                               Douglas R. Hirsch
                                               **SADIS & GOLDBERG LLP**
                                               551 Fifth Avenue, 21st Floor
                                               New York, New York 10176
                                               (212) 947-3793

                                               *Attorneys for Plaintiff Navigator Capital
                                               Partners, L.P.*

17

27.   The Court retains jurisdiction subsequent to settlement or entry of

judgment to enforce the terms of this Stipulation and Protective Order.

Dated: New York, New York
       December   , 2009

**BRUNE & RICHARD LLP**

By: _____
      Nina Beattie
      Theresa Trzaskoma
      MaryAnn Sung
      80 Broad Street
      New York, New York 10004
      (212) 668-1900

*Attorneys for Defendant Matthew Tannin*

**ENTWISTLE & CAPPUCCI LLP**

By: _____
      Arthur V. Nealon
      Johnston de F. Whitman, Jr.
      Stephen D. Oestreich
      Joshua Porter
      280 Park Avenue, 26th Floor West
      New York, New York 10017
      (212) 894-7200

      Douglas R. Hirsch
      **SADIS & GOLDBERG LLP**
      551 Fifth Avenue, 21st Floor
      New York, New York 10176
      (212) 947-3793

*Attorneys for Plaintiff Navigator Capital
Partners, L.P.*

17

DRISCOLL & REDLICH                    HUGHES HUBBARD & REED LLP

By: _____   _____
    Catherine L. Redlich                 Marc A. Weinstein
    521 Fifth Avenue, Suite 3300         Lisa Cahill
    New York, New York 10175             One Battery Park Plaza
    (212) 986-4030                       New York, New York 10004
                                         (212) 837-6000

*Attorneys for Defendant Raymond McGarrigal   Attorneys for Defendant Ralph Cioffi*


**GARDY & NOTIS, LLP**                 **GRANT & EISENHOFER P.A.**


By: _____       By: _____
    James S. Notis                        James J. Sabella
    560 Sylvan Avenue                     485 Lexington Avenue, 29th Floor
    Englewood Cliffs, New Jersey 07632    New York, New York 10017
    (201) 567-7377                        (646) 722-8500

*Attorneys for Plaintiff FIC, L.P.*    *Attorneys for Plaintiff FIC, L.P.*

18

**DRISCOLL & REDLICH**

**HUGHES HUBBARD & REED LLP**

By: _____

By: _____

Catherine L. Redlich
521 Fifth Avenue, Suite 3300
New York, New York 10175
(212) 986-4030

Marc A. Weinstein
Lisa Cahill
One Battery Park Plaza
New York, New York 10004
(212) 837-6000

*Attorneys for Defendant Raymond McGarrigal*   *Attorneys for Defendant Ralph Cioffi*

**GARDY & NOTIS, LLP**

**GRANT & EISENHOFER P.A.**

By: _____

By: _____

James S. Notis
560 Sylvan Avenue
Englewood Cliffs, New Jersey 07632
(201) 567-7377

James J. Sabella
485 Lexington Avenue, 29th Floor
New York, New York 10017
(646) 722-8500

*Attorneys for Plaintiff FIC, L.P.*

*Attorneys for Plaintiff FIC, L.P.*

18

**DRISCOLL & REDLICH**                    **HUGHES HUBBARD & REED LLP**

By: _____        By: _____
       Catherine L. Redlich                      Marc A. Weinstein
       521 Fifth Avenue, Suite 3300             Lisa Cahill
       New York, New York 10175                 One Battery Park Plaza
       (212) 986-4030                           New York, New York 10004
                                                (212) 837-6000

*Attorneys for Defendant Raymond McGarrigal*    *Attorneys for Defendant Ralph Cioffi*


**GARDY & NOTIS, LLP**                    **GRANT & EISENHOFER P.A.**

By: _____        By: _____
       James S. Notis                           James J. Sabella
       560 Sylvan Avenue                        485 Lexington Avenue, 29th Floor
       Englewood Cliffs, New Jersey 07632       New York, New York 10017
       (201) 567-7377                           (646) 722-8500

*Attorneys for Plaintiff FIC, L.P.*            *Attorneys for Plaintiff FIC, L.P.*

18

**KRAMER LEVIN NAFTALIS & FRANKEL LLP**

By: _____
    Kerri Ann Law
    Marjorie Sheldon
    1177 Avenue of the Americas
    New York, New York 10036
    (212) 715-9100

*Attorneys for Defendants The Bear Stearns Companies LLC (f/k/a The Bear Stearns Companies Inc.), Bear Stearns Asset Management Inc., JPMorgan Securities Inc. (f/k/a Bear, Stearns & Co. Inc.), JPMorgan Clearing Corp. (f/k/a Bear, Stearns Securities Corp.), Bear, Stearns & Co. Inc., Barry Cohen, Gerald Cummins, David Sandelovsky, and Gregory Quental*

**CADWALADER, WICKERSHAM & TAFT LLP**

By: _____
    Martin L. Seidel
    One World Financial Center
    New York, New York 10281
    (212) 504-6000

*Attorneys for Defendants Walkers Fund Services Limited, Walkers SPV Limited, Scott Lennon and Michelle Wilson-Clarke*

**REED SMITH LLP**

By: _____
    Robert A. Nicholas
    James C. McCarroll
    Jordan W. Siev
    599 Lexington Avenue
    New York, New York 10022
    (212)-521-5400

*Attorneys for Plaintiffs Geoffrey Varga and William Cleghorn*

**CRAVATH, SWAINE & MOORE LLP**

By: _____
    Max R. Shulman
    World Wide Plaza
    825 Eighth Avenue
    New York, New York 10019
    (212) 474-1000

*Attorneys for Deloitte & Touche LLP*

19

**KRAMER LEVIN NAFTALIS &
FRANKEL LLP**

By: _____

     Kerri Ann Law
     Marjorie Sheldon
     1177 Avenue of the Americas
     New York, New York 10036
     (212) 715-9100

*Attorneys for Defendants The Bear Stearns
Companies LLC (f/k/a The Bear Stearns
Companies Inc.), Bear Stearns Asset
Management Inc., JPMorgan Securities Inc.
(f/k/a Bear, Stearns & Co. Inc.), JPMorgan
Clearing Corp. (f/k/a Bear, Stearns Securities
Corp.), Bear, Stearns & Co. Inc., Barry
Cohen, Gerald Cummins, David Sandelovsky,
and Gregory Quental*

**CADWALADER, WICKERSHAM &
TAFT LLP**

By: _____

     Martin L. Seidel
     One World Financial Center
     New York, New York 10281
     (212) 504-6000

*Attorneys for Defendants Walkers Fund
Services Limited, Walkers SPV Limited, Scott
Lennon and Michelle Wilson-Clarke*

**REED SMITH LLP**

By: _____

     Robert A. Nicholas
     James C. McCarroll
     Jordan W. Siev
     599 Lexington Avenue
     New York, New York 10022
     (212)-521-5400

*Attorneys for Plaintiffs Geoffrey Varga and
William Cleghorn*

**CRAVATH, SWAINE & MOORE LLP**

By: _____Max R. Shulman_____ /sw

     Max R. Shulman
     World Wide Plaza
     825 Eighth Avenue
     New York, New York 10019
     (212) 474-1000

*Attorneys for Deloitte & Touche LLP*

19

ORRICK, HERRINGTON &
SUTCLIFFE LLP

BROWNE WOODS GEORGE LLP

By: _____

Richard A. Martin (RM-7668)
Patryk J. Chudy (PC-8815)
666 Fifth Avenue
New York, New York  10103-0001
Ph: (212) 506-5000
Fax: (212) 506-5151
rmartin@orrick.com
pchudy@orrick.com

By: _____

Lee A. Weiss
Brian C. Kerr
49 West 37th Street, 15th Floor
New York, NY 10018
Telephone:  (212) 354-4901

-and-

Law Offices of Brent A. Burns, LLC
Brent A. Burns
87 Ruckman Road, Suite 102
Alpine, NJ 07620-1098
Telephone: (201) 768-2700

*Attorneys for Defendant
Deloitte & Touche Cayman Islands*

*Attorneys for Plaintiff Stillwater  Market
Neutral Fund II LP*

Dated:  New York, New York
         December   , 2009

SO ORDERED:

_____
Hon. Alvin K. Hellerstein
U.S.D.J.

20

EC.31529.1

**ORRICK, HERRINGTON &
SUTCLIFFE LLP**

**BROWNE WOODS GEORGE LLP**

By:_____

Richard A. Martin (RM-7668)
Patryk J. Chudy (PC-8815)
666 Fifth Avenue
New York, New York 10103-0001
Ph: (212) 506-5000
Fax: (212) 506-5151
rmartin@orrick.com
pchudy@orrick.com

By:_____

Lee A. Weiss
Brian C. Kerr
49 West 37th Street, 15th Floor
New York, NY 10018
Telephone: (212) 354-4901

-and-

Law Offices of Brent A. Burns, LLC
Brent A. Burns
87 Ruckman Road, Suite 102
Alpine, NJ 07620-1098
Telephone: (201) 768-2700

*Attorneys for Defendant
Deloitte & Touche Cayman Islands*

*Attorneys for Plaintiff Stillwater Market
Neutral Fund II LP*

Dated: New York, New York
December , 2009

SO ORDERED: 1/4/2010

_____
Hon. Alvin K. Hellerstein
U.S.D.J.

20

## ACKNOWLEDGEMENT

The undersigned has read the Second Amended Stipulation and Protective Order (the "Order") entered in the actions styled as *Navigator Capital Partners, L.P. v. Bear Stearns Asset Management Inc., et al.*, No. 07 Civ. 7783 (AKH), *FIC, L.P. v. Bear Stearns Asset Management Inc., et al.*, No. 07 Civ. 11633 (AKH), *Geoffrey Varga, et al. v. The Bear Stearns Companies Inc., et al.*, No. 08 Civ. 083397 (AKH), *Stillwater Market Neutral Fund II LP v. Bear Stearns Asset Management Inc., et al.*, 09 Civ. 4223 (AKH) and *Geoffrey Varga, et al. v. Deloitte & Touche LLP, et al.*, 09 Civ. 04936 (AKH) (the "Actions") in the United States District Court for the Southern District of New York (the "Court"), understands it contents, and hereby agrees as follows:

1. I agree to comply with and be bound by the terms of the Order.

2. I agree that I will not disclose or discuss materials designated as "Confidential" or "Highly Confidential" in the Actions, or any notes or other memoranda or writings regarding such materials, except as permitted by the Order.

3. I agree that I will not keep any materials designated as "Confidential" or "Highly Confidential" in the Actions or copies of any such materials (including notes or other memoranda or writings containing or relating thereto) except as provided in the Order.

4. I agree and understand that my obligation to honor the confidentiality of materials designated as "Confidential" or "Highly Confidential" in the Actions will continue even after the termination of the Actions, including all appeals.

5. I agree and understand that, if I should fail to abide by the terms of the Order, I may be subject to sanctions, including sanctions for contempt of Court, imposed by the Court for such failure.

6. I hereby consent to the personal jurisdiction of the United States District Court in the Southern District of New York with respect to any proceedings relative to enforcement of the Order.

Dated: _____

Signature: _____

Name: _____

Address: _____

_____

_____