UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
─────────────────────────────────────────── x
FIC, L.P., individually, and on behalf of all others similarly situated,   :

                    Plaintiff,   :

              - against -   :   No. 07 Civ. 11633 (AKH)

BEAR STEARNS ASSET MANAGEMENT INC., *et al.*,   :   DEFENDANT RAYMOND MCGARRIGAL'S ANSWER TO

             Defendants,   :   THE SECOND AMENDED VERIFIED DERIVATIVE

             - and -   :   COMPLAINT

BEAR STEARNS HIGH-GRADE STRUCTURED CREDIT STRATEGIES ENHANCED LEVERAGE FUND, L.P.,   :   ECF Case

   :   Jury Trial Demanded

            Nominal Defendant.   :
─────────────────────────────────────────── x

      Defendant Raymond McGarrigal, by his attorneys, Driscoll & Redlich, for his answer to the Second Amended Verified Derivative Complaint (the "Complaint") of plaintiff FIC, L.P. ("FIC"), states as follows:

      1.    Deny the allegations in paragraph 1 of the Complaint, except admit that FIC purports to assert claims derivatively on behalf of the Bear Stearns High-Grade Structured Credit Strategies Enhanced Leverage Fund L.P. (the "EL Fund" or the "Partnership").

      2.    Deny the allegations in paragraph 2 of the Complaint, except admit that the Bear Stearns High-Grade Structured Credit Strategies Enhanced Leverage Master Fund (the "EL Master Fund") filed for bankruptcy protection in the Cayman Islands on or about July 31,

2007, that the EL Master Fund was incorporated in the Cayman Islands, and that assets of the EL Fund were invested in the EL Master Fund.

3. Deny the allegations in paragraph 3 of the Complaint, except admit that (i) the EL Fund was formed in or around summer 2006, (ii) that BSAM solicited existing investors in the Bear Stearns High-Grade Structured Credit Strategies, L.P. (the "HG Fund") as well as new investors to invest in the EL Fund, (iii) that the HG Fund and the EL Fund were feeder funds that invested assets into master funds, and (iv) that there were two overseas feeder funds – the Bear Stearns High Grade Structured Credit Strategies (Overseas) Ltd. ("the HG Overseas Fund) and the Bear Stearns High-Grade Structured Credit Strategies Enhanced Leverage (Overseas) Ltd. (the "EL Overseas Fund").

4. Deny the allegations in paragraph 4 of the Complaint.

5. Deny the allegations in paragraph 5 of the Complaint, except refer to the Bear Stearns High Grade Structured Credit Strategies Enhanced Leverage Fund, L.P. Amended and Restated Limited Partnership Agreement, dated as of July 31, 2006 (the "LPA") for its terms and contents.  To the extent paragraph 5 of the Complaint purports to state a legal conclusion, no response is required.

6. Deny the allegations in paragraph 6 of the Complaint.

7. Deny the allegations in paragraph 7 of the Complaint.

8. Deny the allegations in paragraph 8 of the Complaint.

9. Deny the allegations in paragraph 9 of the Complaint.

10. Deny the allegations in paragraph 10 of the Complaint.

11. Deny the allegations in paragraph 11 of the Complaint.

12. Deny the allegations in paragraph 12 of the Complaint.

13. Deny the allegations in paragraph 13 of the Complaint, except refer to the Administrative Complaint in *In the Matter of Bear Stearns Asset Management, Inc.*, Dkt. No. E-2007-0064 (Mass.) (the "Massachusetts Complaint") for a statement of its allegations.

14. Deny the allegations in paragraph 14 of the Complaint, and refer to the complaint filed in *Barclays Bank PLC v. Bear Stearns Asset Management Inc. et al.,* No. 07 Civ. 11400 (LAP) (S.D.N.Y.) (the "Barclays Complaint") for a statement of its allegations and further state the *Barclays* action has been dismissed with prejudice.

15. Deny the allegations in paragraph 15 of the Complaint, refer to the Second Amended Complaint filed in *Varga v. Bear Stearns Asset Management Inc., et al.*, No. 08 Civ. 03397 (AKH) (S.D.N.Y.) for a statement of its allegations and state that two prior complaints, a Notice of Dismissal, and Answers by each of the defendants to the Second Amended Complaint have been filed in the *Varga* action and refer to those documents for a statement of their allegations and/or terms.

16. Deny the allegations in paragraph 16 of the Complaint, except admit (i) that articles appeared in the *Wall Street Journal, Bloomberg* and *BusinessWeek* concerning the Funds but otherwise deny the allegations concerning these publications, (ii) that Cioffi and Tannin were indicted by a federal grand jury, and (iii) that the SEC filed a civil complaint against Cioffi and Tannin on or about June 19, 2008, and refer to the Indictment and the SEC Complaint for a statement of their allegations, and further state that on November 10, 2009, following a fifteen-day trial on the criminal charges, Cioffi and Tannin were acquitted of all charges submitted to the jury in *United States v. Cioffi and Tannin*, No. CR-08-415.

17. Deny the allegations in paragraph 17 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to the referenced *Wall Street Journal* article.

18. Paragraph 18 of the Complaint purports to state a legal conclusion, to which no response is required.

19. Paragraph 19 of the Complaint purports to state a legal conclusion, to which no response is required.

20. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the Complaint.

21. Deny the allegations in paragraph 21 of the Complaint, except admit that (i) BSAM was at all relevant times a corporation organized under the laws of the State of New York and at times had its principal office located at 383 Madison Avenue, New York, New York; (ii) BSAM was the General Partner of the EL Fund; and (iii) BSAM was the Investment Manager of the EL Fund.

22. Deny the allegations in paragraph 22 of the Complaint, except admit that (i) BS&Co. was a corporation organized under the laws of the State of Delaware with its principal office located at 383 Madison Avenue, New York, New York; and (ii) BS&Co. was the placement agent to the EL Master Fund.

23. Deny the allegations in paragraph 23 of the Complaint, except admit that (i) BSC was a corporation organized under the laws of the State of Delaware with its principal office located at 383 Madison Avenue, New York, New York; (ii) BSC was the parent of BSAM and BS&Co.; and (iii) pursuant to an agreement between BSC and JPMorgan Chase & Co.

("JPMC"), dated March 16, 2008, a merger subsidiary of JPMC was formed to merge with and into BSC.

24. Paragraph 24 of the Complaint sets forth a defined term, but contains no factual allegations, and no response is therefore required.

25. Deny the allegations of paragraph 25 of the Complaint, except admit that defendant Cioffi joined Bear Stearns in 1985, was a Director of BSAM, acted as Senior Portfolio Manager of the HG Fund and the HG Master Fund, left BSAM's employ on or about November 28, 2007, and, upon information and belief, is a resident of New Jersey, and refer to the Preliminary Confidential Private Placement Memorandum for Bear Stearns High-Grade Structured Credit Strategies Enhanced Leverage Fund, L.P., dated June 30, 2006 (the "PPM"), the LPA, and the Subscription Agreements for the Partnership (together, the "Offering Materials") for their terms and contents.

26. Deny the allegations of paragraph 26 of the Complaint except admit that Mr. McGarrigal was at times a Managing Director at BSAM and acted as a portfolio manager for the EL Fund and the EL Master Fund and is a resident of New York State.

27. Deny the allegations of paragraph 27 of the Complaint except admit that Mr. Tannin was a Senior Managing Director at BSAM and acted as Chief Operating Officer of the EL Fund and the EL Master Fund and, upon information and belief, is a resident of New York State.

28. Paragraph 28 of the Complaint sets forth a defined term, but contains no factual allegations, and no response is therefore required.

29. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 of the Complaint.

30. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 of the Complaint.

31. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 of the Complaint.

32. Paragraph 32 of the Complaint sets forth defined terms, but contains no factual allegations, and no response is therefore required.

33. Deny the allegations in paragraph 33 of the Complaint except admit, upon information and belief, that the EL Fund was formed as a Delaware limited partnership on or about June 9, 2006, that limited partnership interests in the EL Fund were offered through the PPM and were private offerings pursuant to exemptions provided by Section 4(2) of the Securities Act of 1933, Rule 506, and applicable state securities laws, that BSAM was the General Partner of the EL Fund, and that investors in the EL Fund entered into subscription agreements.

34. Deny the allegations in paragraph 34 of the Complaint, except admit, upon information and belief, that the HG Fund and the HG Overseas Fund were created in or about October 2003 and that these funds served as feeder funds for the HG Master Fund.

35. Deny the allegations contained in paragraph 35 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence and refer to the preliminary performance profiles (the "PPPs") for August 2006 and January 2007 for their terms and contents.

36. Deny the allegations in paragraph 36 of the Complaint, except admit that the EL Fund and the EL Overseas Fund were feeder funds to the EL Master Fund.

37. Deny the allegations in paragraph 37 of the Complaint, except refer to the Offering Materials for their terms and contents.

38. Deny the allegations in paragraph 38 of the Complaint, except refer to the Offering Materials, the Confidential Private Placement Memorandum for the HG Fund, and the Bear Stearns High-Grade Structured Credit Strategies, L.P. Amended and Restated Limited Partnership Agreement for their terms and contents.

39. Deny the allegations in paragraph 39 of the Complaint, except admit that Barclays provided leverage to the EL Fund and refer to the PPM for its complete terms and contents.

40. Deny the allegations in paragraph 40 of the Complaint, except refer to the PPM and the letter agreement between the Partnership and Barclays Bank PLC, dated August 1, 2006, including all annexes to that agreement (the "Barclays Domestic Swap Agreement"), for their complete terms and contents.

41. Deny the allegations in paragraph 41 of the Complaint, except refer to the PPM and the Barclays Domestic Swap Agreement for their complete terms and contents.

42. Deny the allegations in paragraph 42 of the Complaint, except refer to the PPM for its complete terms and contents.

43. Deny the allegations in paragraph 43 of the Complaint, except refer to the PPM for its complete terms and contents.

44. Deny the allegations in paragraph 44 of the Complaint, except refer to the PPM for its complete terms and contents.

45. Deny the allegations in paragraph 45 of the Complaint, except refer to the PPM and the Barclays Domestic Swap Agreement for their complete terms and contents.

46. Deny the allegations in paragraph 46 of the Complaint, except refer to the PPM for its complete terms and contents.

47. Deny the allegations in paragraph 47 of the Complaint, except refer to the PPM for its complete terms and contents.

48. Deny the allegations in paragraph 48 of the Complaint, except refer to the PPM for its complete terms and contents.

49. Deny the allegations in paragraph 49 of the Complaint, except refer to the PPM for its complete terms and contents.

50. Deny the allegations in paragraph 50 of the Complaint, except refer to the PPM for its complete terms and contents.

51. Deny the allegations in paragraph 51 of the Complaint, except refer to the PPM for its complete terms and contents.

52. Deny the allegations in paragraph 52 of the Complaint, except refer to the PPM for its complete terms and contents.

53. Deny the allegations in paragraph 53 of the Complaint, except refer to the PPM for its complete terms and contents.

54. Deny the allegations in paragraph 54 of the Complaint, except refer to the PPM for its complete terms and contents.

55. Deny the allegations in paragraph 55 of the Complaint, except refer to the PPM for its complete terms and contents.

56. Deny the allegations in paragraph 56 of the Complaint, except refer to the PPM for its complete terms and contents.

57.   Deny the allegations in paragraph 57 of the Complaint, except refer to the PPM for its complete terms and contents.

58.   Deny the allegations in paragraph 58 of the Complaint, except admit that the Partnership, at times, paid the General Partner an advisory fee and a profit share in accordance with the terms of the Offering Materials, and, to the extent the allegations in paragraph 58 purport to quote or describe the PPM, refer to the PPM for its complete terms and contents, and refer to the Offering Materials for their complete terms and contents.

59.   Deny the allegations in paragraph 59 of the Complaint, except refer to the PPM for its complete terms and contents.

60.   Deny the allegations in paragraph 60 of the Complaint, except refer to the PPM for its complete terms and contents.

61.   Deny the allegations in paragraph 61 of the Complaint, except refer to the Offering Materials for their complete terms and contents.

62.   Deny the allegations in paragraph 62 of the Complaint, except refer to the Offering Materials for their complete terms and contents.

63.   Deny the allegations in paragraph 63 of the Complaint, except refer to the Offering Materials for their complete terms and contents.

64.   Deny the allegations in paragraph 64 of the Complaint, except refer to the PPM for its complete terms and contents.

65.   Deny the allegations in paragraph 65 of the Complaint, except refer to the PPM for its complete terms and contents.

66. Deny the allegations in paragraph 66 of the Complaint, except admit that "mark-to-market" is an accounting method that may be used to assign a value to certain types of assets under certain circumstances and refer to the PPM for its terms and contents.

67. Deny the allegations in paragraph 67 of the Complaint, except refer to the PPM for its complete terms and contents.

68. Deny the allegations in paragraph 68 of the Complaint, except refer to the PPM for its complete terms and contents.

69. Deny the allegations in paragraph 69 of the Complaint, except refer to the PPM for its complete terms and contents.

70. Deny the allegations in paragraph 70 of the Complaint, and state that to the extent the allegations in this paragraph purport to state conclusions of law, no response is required.

71. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 71 of the Complaint, except refer to the PPM for its complete terms and contents.

72. Deny the allegations in paragraph 72 of the Complaint.

73. Deny the allegations in paragraph 73 of the Complaint, except refer to the referenced email for its complete and accurate contents.

74. Deny the allegations in paragraph 74 of the Complaint, except admit the allegations in the first sentence.

75. Deny the allegations in paragraph 75 of the Complaint, except refer to the LPA for its terms and contents. To the extent the allegations purport to state conclusions of law, no response is required.

76. Deny the allegations in paragraph 76 of the Complaint.

77. Deny the allegations in paragraph 77 of the Complaint.

78. Deny the allegations in paragraph 78 of the Complaint, except refer to the referenced email for its complete and accurate contents.

79. Deny the allegations in paragraph 79 of the Complaint, except admit that the EL Fund received subscriptions from a percentage of Limited Partners in the HG Fund and that certain assets were transferred from the HG Master Fund to the EL Master Fund.

80. Deny the allegations in paragraph 80 of the Complaint, except refer to the PPM for its complete terms and contents.

81. Deny the allegations in paragraph 81 of the Complaint, except refer to the Massachusetts Complaint for a statement of its allegations.

82. Deny the allegations in paragraph 82 of the Complaint.

83. Deny the allegations in paragraph 83 of the Complaint.

84. Deny the allegations in paragraph 84 of the Complaint.

85. Deny the allegations in paragraph 85 of the Complaint.

86. Deny the allegations in paragraph 86 of the Complaint.

87. Deny the allegations in paragraph 87 of the Complaint, except refer to the PPM for its terms and contents, and refer to the Massachusetts Complaint for a statement of its allegations.

88. Deny the allegations in paragraph 88 of the Complaint, except refer to the Offering Materials for their terms and contents.

89. Deny the allegations in paragraph 89 of the Complaint.

90. Deny the allegations in paragraph 90 of the Complaint.

91.     Deny the allegations in paragraph 91 of the Complaint.

92.     Deny the allegations in paragraph 92 of the Complaint, except refer to the PPM for its terms and contents.

93.     Deny the allegations in paragraph 93 of the Complaint, except admit that Lennon and Wilson-Clarke were listed in the PPM as directors of the Master Fund.

94.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 94 of the Complaint, except admit that at times Lennon and Wilson-Clarke were affiliated with Walkers FS.

95.     Deny the allegations in paragraph 95 of the Complaint, except admit, upon information and belief, that Walkers provided director and trustee services to BSAM hedge funds and that Walkers provided directors to the Master Fund.

96.     Deny the allegations in paragraph 96 of the Complaint, except admit, upon information and belief, that Walkers provides certain services to hedge funds and is aware of the existence and contents of Section 206(3) of the Investment Advisers Act, and state that to the extent the allegations in this paragraph contain conclusions of law, no response is required.

97.     Deny the allegations in paragraph 97 of the Complaint.

98.     Deny the allegations in paragraph 98 of the Complaint.

99.     Deny the allegations in paragraph 99 of the Complaint.

100.    Deny the allegations in paragraph 100 of the Complaint, except admit that at times Bear Stearns entities engaged in transactions with the EL Master Fund**.**

101.    Deny the allegations in paragraph 101 of the Complaint.

102.    Deny the allegations in paragraph 102 of the Complaint, except admit that, as disclosed in the Offering Materials, the EL Master Fund was permitted to invest in securities

structured by affiliates of the General Partner and refer to the Offering Materials for their terms and contents. To the extent paragraph 102 purports to state a legal conclusion, no response is required.

103. Deny the allegations in paragraph 103 of the Complaint.

104. Deny the allegations in paragraph 104 of the Complaint. To the extent paragraph 104 purports to state a legal conclusion, no response is required.

105. Deny the allegations in paragraph 105 of the Complaint, except refer to the PPM for its terms and contents, and deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning Walkers' knowledge of its responsibilities or of Walkers' knowledge of the contents of the PPM.

106. Deny the allegations in paragraph 106 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning Walkers' state of mind and/or the state of mind of investors.

107. Deny the allegations in paragraph 107 of the Complaint, except admit, upon information and belief, that Walkers FS was compensated for services provided to the EL Master Fund.

108. Deny the allegations in paragraph 108 of the Complaint, except admit that the referenced article was published in the *Wall Street Journal*.

109. Deny the allegations in paragraph 109 of the Complaint, except admit that the referenced article was published in *BusinessWeek*.

110. Deny the allegations in paragraph 110 of the Complaint, except admit that the referenced article was published in *BusinessWeek*.

111. Deny the allegations in paragraph 111 of the Complaint, except admit that the referenced article was published in the *Wall Street Journal*.

112. Deny the allegations in paragraph 112 of the Complaint, except refer to any accurate audio recording of the referenced call for its contents.

113. Deny the allegations in paragraph 113 of the Complaint, except refer to any accurate audio recording of the referenced call for its contents.

114. Deny the allegations in paragraph 114 of the Complaint, except refer to any accurate audio recording of the referenced call for its contents.

115. Deny the allegations in paragraph 115 of the Complaint, except refer to any accurate audio recording of the referenced call for its contents.

116. Deny the allegations in paragraph 116 of the Complaint.

117. Deny the allegations in paragraph 117 of the Complaint, except admit (i) that the referenced article was published in the *Wall Street Journal*, (ii) admit that Cioffi and Tannin were indicted by a federal grand jury, (iii) admit that the SEC filed a civil complaint against Cioffi and Tannin on or about June 19, 2008, and refer to the Indictment and the SEC Complaint for a statement of their allegations, and further state that on November 10, 2009, following a fifteen-day trial on the criminal charges, Cioffi and Tannin were acquitted of all charges submitted to the jury in *United States v. Cioffi and Tannin*, No. CR-08-415.

118. Deny the allegations in paragraph 118 of the Complaint, except (i) admit that Cioffi and Tannin were indicted by a federal grand jury, (ii) refer to the Indictment for a statement of its allegations, and (iii) state that on November 10, 2009, following a fifteen-day trial on the criminal charges, Cioffi and Tannin were acquitted of all charges submitted to the jury in *United States v. Cioffi and Tannin*, No. CR-08-415.

119. Deny the allegations in paragraph 119 of the Complaint, except refer to the March 2007 PPP for its complete terms and contents.

120. Deny the allegations in paragraph 120 of the Complaint, and refer to a June 8, 2007 Letter to Investors for its contents.

121. Deny the allegations in paragraph 121 of the Complaint, except admit that the referenced article was published in the *Wall Street Journal*, and refer to a June 8, 2007 Letter to Investors for its terms and contents.

122. Deny the allegations in paragraph 122 of the Complaint, except admit that the referenced article was published in *BusinessWeek*, and refer to the Offering Materials for their terms and contents.

123. Deny the allegations in paragraph 123 of the Complaint

124. Deny the allegations in paragraph 124 of the Complaint, except admit that BSC publicly announced on June 22, 2007 that it intended to provide up to $3.2 billion in financing to the HG Master Fund and refer to the June 22, 2007 press release for its terms and contents, and admit that certain repo counterparties exercised their rights under their respective repo agreements to terminate the financing and retain ownership of the pledged collateral.

125. Deny the allegations in paragraph 125 of the Complaint, except refer to the referenced letter for its complete contents.

126. Deny the allegations in paragraph 126 of the Complaint.

127. Deny the allegations in paragraph 127 of the Complaint, except admit that the Master Funds filed for bankruptcy protection.

128. Deny the allegations in paragraph 128 of the Complaint, except admit that the referenced article was published in the *Wall Street Journal*.

129. Deny the allegations in paragraph 129 of the Complaint, except admit that the referenced article was published in the *Wall Street Journal*.

130. Deny the allegations in paragraph 130 of the Complaint, except admit that the plaintiff purports to assert claims derivatively on behalf of the Partnership.

131. Deny the allegations in paragraph 131 of the Complaint.

132. Deny the allegations in paragraph 132 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning FIC.

133. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 133 of the Complaint.

134. Deny the allegations in paragraph 134 of the Complaint, except admit that BSAM was the General Partner of the Partnership, and plaintiff did not make a pre-suit demand.

## As to Count I

135. With respect to the allegations in paragraph 135, Mr. McGarrigal repeats and realleges his responses in each of the preceding paragraphs.

136. Paragraph 136 of the Complaint purports to state a legal conclusion, to which no response is required.

137. Deny the allegations in paragraph 137 of the Complaint.

138. Deny the allegations in paragraph 138 of the Complaint.

139. Deny the allegations in paragraph 139 of the Complaint, except admit that plaintiff did not make a pre-suit demand.

## As to Count II

140. With respect to the allegations in paragraph 140, Mr. McGarrigal repeats and realleges his responses in each of the preceding paragraphs.

141.  Paragraph 141 of the Complaint purports to state a legal conclusion, to which no response is required.

142.  Deny the allegations in paragraph 142 of the Complaint.

143.  Deny the allegations in paragraph 143 of the Complaint.

144.  Deny the allegations in paragraph 144 of the Complaint.

<u>As to Count III</u>

145.  With respect to the allegations in paragraph 145, Mr. McGarrigal repeats and realleges his responses in each of the preceding paragraphs.

146.  Deny the allegations in paragraph 146 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning the Walkers Defendants' knowledge about the Management Defendants' duties, and state that to the extent this paragraph purports to assert legal conclusions, no response is required.

147.  Deny the allegations in paragraph 147 of the Complaint.  To the extent this paragraph purports to assert a legal conclusion, no response is required.

148.  Deny the allegations in paragraph 148 of the Complaint.  To the extent this paragraph purports to assert a legal conclusion, no response is required.

149.  Deny the allegations in paragraph 149 of the Complaint.  To the extent this paragraph purports to assert a legal conclusion, no response is required.

150.  Deny the allegations in paragraph 150 of the Complaint.

151.  Deny the allegations in paragraph 151 of the Complaint.

152.  Deny the allegations in paragraph 152 of the Complaint.

153.  Deny the allegations in paragraph 153 of the Complaint.

### As to Count IV

154.	With respect to the allegations in paragraph 154, Mr. McGarrigal repeats and realleges his responses in each of the preceding paragraphs.

155.	Deny the allegations in paragraph 155 of the Complaint, except refer to the PPM for its complete terms and contents, and state that to the extent this paragraph purports to assert legal conclusions, no response is required.

156.	Deny the allegations in paragraph 156 of the Complaint.

157.	Deny the allegations in paragraph 157 of the Complaint.

### First Affirmative Defense

1.	The Complaint fails to state a cause of action against Defendant McGarrigal.

### Second Affirmative Defense

2.	All or part of FIC's claims are barred by its failure to make a pre-suit demand or to allege that such demand would have been futile.

### Third Affirmative Defense

3.	All or part of FIC's claims are barred by the exculpatory clauses in the Offering Materials.

### Fourth Affirmative Defense

4.	All or part of FIC's claims are preempted by the Martin Act.

### Fifth Affirmative Defense

5.	All or part of FIC's claims are barred, in whole or in part, by the applicable statute of limitations.

### Sixth Affirmative Defense

6. All or part of FIC's claims are barred by the doctrines of waiver and estoppel.

### Seventh Affirmative Defense

7. The claims are barred, in whole or in part, by the doctrine of acquiescence.

### Eighth Affirmative Defense

8. Any injury allegedly sustained by FIC or the EL Fund was not directly or proximately caused by any conduct or act of Defendant McGarrigal.

### Ninth Affirmative Defense

9. Plaintiff has not adequately pleaded reliance (or allegations giving rise to a presumption of reliance) on the alleged misrepresentations cited in the Complaint.

### Tenth Affirmative Defense

10. Mr. McGarrigal cannot be liable for alleged misconduct by others.

### Eleventh Affirmative Defense

11. All or part of FIC's claims are barred to the extent they fail to comply with the requirement in Fed. R. Civ. Proc. 9(b) that fraud-based claims must be pled with particularity.

### Twelfth Affirmative Defense

12. The Complaint is barred by the terms of the Offering Materials.

<u>Thirteenth Affirmative Defense</u>

13. To the extent any damages were suffered by the EL Fund, such damages should be offset by amounts owed by the Partnership to Mr. McGarrigal.

Wherefore, the Bear Stearns Defendants respectfully request:

1. judgment dismissing the Complaint, together with costs and disbursements;

2. an award of the Bear Stearns Defendants' fees and the costs and disbursements of this action; and

3. such other and further relief as the Court deems proper.

Dated:   New York, New York
         February 16, 2010

Driscoll & Redlich

By: _____s/_____
         Catherine Redlich

521 Fifth Avenue, Suite 3300
New York, New York 10175
Tel. (212) 986-4030
Fax (212) 986-4050
credlich@driscollredlich.com

Attorneys for Defendant Raymond McGarrigal