UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FIC, L.P., individually, and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>        v.<br><br>BEAR STEARNS ASSET MANAGEMENT INC., RALPH CIOFFI, RAYMOND McGARRIGAL, MATTHEW TANNIN, BEAR STEARNS COMPANIES INC., BEAR STEARNS & CO. INC., WALKERS FUND SERVICES LIMITED, SCOTT LENNON, and MICHELLE WILSON-CLARKE<br><br>        Defendants,<br><br>        and<br><br>BEAR STEARNS HIGH-GRADE STRUCTURED CREDIT STRATEGIES ENHANCED LEVERAGE FUND, L.P.,<br><br>        Nominal Defendant. | No. 07 Civ. 11633 (AKH)<br>ECF Case<br><br>**ANSWER OF THE WALKERS DEFENDANTS TO PLAINTIFF'S SECOND AMENDED VERIFIED DERIVATIVE COMPLAINT** |

   Defendants Walkers Fund Services Limited ("Walkers FS"), Scott Lennon ("Lennon") and Michelle Wilson-Clarke ("Wilson-Clarke") (collectively the "Walkers Defendants" and Lennon and Wilson-Clarke together, the "Independent Director Defendants"), by and through their undersigned attorneys, hereby answer to FIC L.P.'s ("FIC") Second Amended Verified Derivative Complaint, (the "SAC") as follows:

1. The Walkers Defendants deny the allegations of Paragraph 1 of the SAC, except admit that FIC purports to assert claims derivatively on behalf of the Bear Stearns High-Grade Structured Credit Strategies Enhanced Leverage Fund L.P. (the "EL Fund" or the "Partnership").

2. The Walkers Defendants deny the allegations of Paragraph 2 of the SAC, except admit that the Bear Stearns High-Grade Structured Credit Strategies Enhanced Leverage Master Fund (the "EL Master Fund") filed for bankruptcy protection in the Cayman Islands on or about July 31, 2007, that the EL Master Fund was incorporated in the Cayman Islands, and that the assets of the EL Fund were invested in the EL Master Fund.

3. The Walkers Defendants deny the allegations of Paragraph 3 of the SAC, except deny knowledge or information sufficient to form a belief as to the truth of the allegations to the extent they purport to describe events prior to the date the Independent Director Defendants became directors of the Bear Stearns High-Grade Structured Credit Strategies Enhanced Leverage (Overseas) Ltd. (the "EL Overseas Fund") or the EL Master Fund, and therefore deny such allegations, and admit that the EL Fund was formed in or around summer 2006, that the Bear Stearns High-Grade Structured Credit Strategies, L.P. (the "HG Fund") and the EL Fund were feeder funds that invested assets into master funds, and that there were two overseas feeder funds – the Bear Stearns High-Grade Structured Credit Strategies (Overseas) Ltd. (the "HG Overseas Fund") and the EL Overseas Fund.

4. The Walkers Defendants deny the allegations of Paragraph 4 of the SAC.

5. The Walkers Defendants deny the allegations of Paragraph 5 of the SAC, except, to the extent such allegations purport to quote or describe the Bear Stearns High-Grade Structured Credit Strategies Enhanced Leverage Fund, L.P. Amended and Restated Limited

Partnership Agreement, dated as of July 31, 2006 (the "LPA"), neither admit nor deny those allegations, but respectfully refer the Court to such document for a statement of its contents.  To the extent the allegations of Paragraph 5 state conclusions of law, no response is required.

6. The Walkers Defendants deny the allegations of Paragraph 6 of the SAC.

7. The Walkers Defendants deny the allegations of Paragraph 7 of the SAC.

8. The Walkers Defendants deny the allegations of Paragraph 8 of the SAC, except deny knowledge or information sufficient to form a belief as to the truth of the allegations to the extent they purport to describe the knowledge, state of mind, or intentions of persons other than the Walkers Defendants, and therefore deny such allegations.

9. The Walkers Defendants deny the allegations of Paragraph 9 of the SAC.

10. The Walkers Defendants deny the allegations of Paragraph 10 of the SAC, except deny knowledge or information sufficient to form a belief as to the truth of the allegations to the extent they purport to describe the knowledge, state of mind, or intentions of persons other than the Walkers Defendants, and therefore deny such allegations.

11. The Walkers Defendants deny the allegations of Paragraph 11 of the SAC.

12. The Walkers Defendants deny the allegations of Paragraph 12 of the SAC.

13. The Walkers Defendants deny the allegations of Paragraph 13 of the SAC, except, to the extent such allegations purport to quote or describe the Administrative Complaint in *In the Matter of Bear Stearns Asset Management, Inc.,* Dkt. No. E-2007-0064 (Mass.) (the "Massachusetts Complaint"), neither admit nor deny those allegations, but respectfully refer the Court to such document for a statement of its allegations.

14. The Walkers Defendants deny the allegations of Paragraph 14 of the SAC, except, to the extent such allegations purport to quote or describe the complaint filed in *Barclays Bank PLC v. Bear Stearns Asset Management, et al.,* No. 07 Civ. 11400 (LAP)(S.D.N.Y.)(the

"Barclays Complaint"), neither admit nor deny those allegations, but respectfully refer the Court to such document for a statement of its allegations, and further state that the *Barclays* action has been dismissed without prejudice.

15. The Walkers Defendants deny the allegations of Paragraph 15 of the SAC, except, to the extent such allegations purport to quote or describe the complaint filed in *Varga v. Bear Stearns Asset Management, et al.,* No. 08 Civ. 03397 (AKH)(S.D.N.Y.), neither admit nor deny those allegations, but respectfully refer the Court to such document for a statement of its allegations, and further state that two amended complaints and a Notice of Dismissal have been filed in the *Varga* action, and respectfully refer to those documents for a statement of their allegations and/or terms.

16. The Walkers Defendants deny the allegations of Paragraph 16 of the SAC, except admit that articles concerning the Funds appeared in the *Wall Street Journal*, *Bloomberg*, and *BusinessWeek*, that Cioffi and Tannin were indicted by a federal grand jury, and that the SEC filed a civil complaint against Cioffi and Tannin on or about June 19, 2008, and, to the extent the allegations of Paragraph 16 purport to quote or describe the Indictment, the SEC Complaint, or a *BusinessWeek* article, neither admit nor deny those allegations, but respectfully refer the Court to such documents for their contents and/or allegations.  The Walkers Defendants further state that on November 10, 2009, following a 15-day trial on the criminal charges, Cioffi and Tannin were acquitted of all charges submitted to the jury in *United States v. Cioffi and Tannin*, No. CR-08-415.

17. The Walkers Defendants deny the allegations of Paragraph 17 of the SAC, except admit the referenced article was published in the *Wall Street Journal*, and, to the extent the allegations purport to quote or describe the referenced article, neither admit nor deny those allegations, but respectfully refer the Court to such article for its content.

18. Paragraph 18 of the SAC purports to state legal conclusions, to which no response is required.

19. Paragraph 19 of the SAC purports to state legal conclusions, to which no response is required.

20. The Walkers Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20 of the SAC, and therefore deny those allegations.

21. The Walkers Defendants deny the allegations of Paragraph 21 of the SAC, except admit upon information and belief that Bear Stearns Asset Management Inc. ("BSAM") BSAM was at all relevant times a corporation organized under the laws of the State of New York and at times had its principal office located at 383 Madison Avenue, New York, New York, that BSAM was the General Partner of the EL Fund, and that BSAM was the Investment Manager of the EL Fund.

22. The Walkers Defendants deny the allegations of Paragraph 22 of the SAC, except admit upon information and belief that Bear, Stearns & Co. Inc. ("BS&Co.") was a corporation organized under the laws of the State of Delaware with its principal office located at 383 Madison Avenue, New York, New York, and that BS&Co. was the placement agent to the EL Master Fund.

23. The Walkers Defendants deny the allegations of Paragraph 23 of the SAC, except admit upon information and belief that The Bear Stearns Companies LLC ("BSC") was a corporation organized under the laws of the State of Delaware with its principal office located at 383 Madison Avenue, New York, New York, that BSC was the parent of BSAM and BS&Co.,

and that pursuant to an agreement between BSC and JP Morgan Chase & Co. ("JPMC"), dated March 16, 2008, a merger subsidiary of JPMC was formed to merge with and into BSC.

24. Paragraph 24 of the SAC sets forth a defined term but contains no factual allegations, and therefore no response is required.

25. The Walkers Defendants deny the allegations of Paragraph 25 of the SAC, except admit upon information and belief that Cioffi joined Bear Stearns in 1985, was a Director of BSAM, acted as Senior Portfolio Manager of the HG Fund and the Bear Stearns High-Grade Structured Credit Strategies Master Fund (the "HG Master Fund"), left BSAM's employ on or about November 28, 2007, and is a resident of New Jersey, and, to the extent the allegations of Paragraph 25 purport to quote or describe the Preliminary Confidential Private Placement Memorandum for Bear Stearns High-Grade Structured Credit Strategies Enhanced Leverage Fund, L.P., dated June 30, 2006 (the "PPM"), the LPA, and the Subscription Agreements for the Partnership (together, the "Offering Materials"), neither admit not deny those allegations, but respectfully refer the Court to such documents for a statement of their contents.

26. The Walkers Defendants deny the allegations of Paragraph 26 of the SAC, except admit upon information and belief that McGarrigal was at times a Managing Director at BSAM and acted as portfolio manager for the EL Fund and the EL Master Fund, and is a resident of New York.

27. The Walkers Defendants deny the allegations of Paragraph 27 of the SAC, except admit upon information and belief that Tannin was a Senior Managing Director at BSAM and acted as Chief Operating Officer of the EL Fund and the EL Master Fund, and is a resident of New York.

28. Paragraph 28 of the SAC sets forth a defined term but contains no factual allegations, and therefore no response is required.

29. The Walkers Defendants deny the allegations of Paragraph 29 of the SAC, except admit that Walkers FS is a Cayman Islands company with its principal office located at Walker House, 87 Mary Street, George Town, Grand Cayman, Cayman Islands; that Walkers provides services to offshore investment funds, including providing directors, administrative, and trustee services; and that Walkers provided director and trustee services to at least nine BSAM hedge funds.

30. The Walkers Defendants deny the allegations of Paragraph 30 of the SAC, except admit that Scott Lennon is a resident of the Cayman Islands, that beginning in or about summer 2006, Mr. Lennon was appointed as and served as an independent director of the Master Fund, and that his responsibilities included evaluating certain transactions.   The Walkers Defendants further state that Lennon objectively evaluated all such transactions of which he was made aware.

31. The Walkers Defendants deny the allegations of Paragraph 31 of the SAC, except admit that Michelle Wilson-Clarke is a citizen of the United States and a resident of the Cayman Islands, that beginning in or about summer 2006, Ms. Wilson-Clarke was appointed as and served as an independent director of the Master Fund, and that her responsibilities included evaluating certain transactions.   The Walkers Defendants further state that Wilson-Clarke objectively evaluated all such transactions of which she was made aware.

32. Paragraph 32 of the SAC sets forth a defined term but contains no factual allegations, and therefore no response is required.

33. The Walkers Defendants deny the allegations of Paragraph 33 of the SAC, except admit that the EL Fund was formed as a Delaware limited partnership on or about June 9, 2006, that limited partnership interests in the EL Fund were offered through the PPM and were private offerings pursuant to exemptions provided by Section 4(2) of the Securities Act of 1933,

Rule 506, and applicable state securities laws, that BSAM was general partner of the EL Fund, and that investors in the EL Fund entered into subscription agreements.

34. The Walkers Defendants deny the allegations of Paragraph 34 of the SAC, except deny knowledge or information sufficient to form a belief as to the truth of the allegations to the extent they purport to describe events prior to the date the Independent Director Defendants became directors of the EL Overseas Fund or the EL Master Fund, and therefore deny such allegations, except admit that the HG Fund and the HG Overseas Fund served as feeder funds for the HG Master Fund and were created in or around October 2003.

35. The Walkers Defendants deny the allegations of Paragraph 35 of the SAC, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence and, to the extent the allegations of Paragraph 35 purport to quote or describe the preliminary performance profiles (the "PPP"s) for August 2006 and January 2007, neither admit not deny those allegations, but respectfully refer the Court to such documents for a statement of their contents.

36. The Walkers Defendants deny the allegations of Paragraph 36 of the SAC, except deny knowledge or information sufficient to form a belief as to the truth of the allegations to the extent they purport to describe the knowledge, state of mind, or intentions of persons other than the Walkers Defendants, and therefore deny such allegations, and deny knowledge or information sufficient to form a belief as to the truth of the allegations to the extent they purport to describe events prior to the date the Independent Director Defendants became directors of the EL Overseas Fund or the EL Master Fund, and therefore deny such allegations.

37. The Walkers Defendants deny the allegations of Paragraph 37 of the SAC, except, to the extent such allegations purport to quote or describe the contents of the Offering

Materials, neither admit nor deny those allegations, but respectfully refer the Court to such documents for a statement of their contents.

38. The Walkers Defendants deny the allegations of Paragraph 38 of the SAC, except, to the extent such allegations purport to quote or describe the contents of the Offering Materials, the Confidential Private Placement Memorandum for the HG Fund, and the Bear Stearns High-Grade Structured Credit Strategies, L.P. Amended and Restated Limited Partnership Agreement, neither admit nor deny those allegations, but respectfully refer the Court to such documents for a statement of their contents.

39. The Walkers Defendants deny the allegations of Paragraph 39 of the SAC, except, to the extent such allegations purport to quote or describe the PPM, neither admit nor deny those allegations, but respectfully refer the Court to such document for a statement of its contents, and admit that Barclays provided leverage to the EL Fund.

40. The Walkers Defendants deny the allegations of Paragraph 40 of the SAC, except, to the extent such allegations purport to quote or describe the PPM or the letter agreement between the Partnership and Barclays Bank PLC, dated August 1, 2006, including all annexes to that agreement (the "Barclays Domestic Swap Agreement"), neither admit nor deny those allegations, but respectfully refer the Court to such documents for a statement of their contents.

41. The Walkers Defendants deny the allegations of Paragraph 41 of the SAC, except, to the extent such allegations purport to quote or describe the PPM or the Barclays Domestic Swap Agreement, neither admit nor deny those allegations, but respectfully refer the Court to such documents for a statement of their contents.

42. The Walkers Defendants deny the allegations of Paragraph 42 of the SAC, except, to the extent such allegations purport to quote or describe the PPM, neither admit nor

deny those allegations, but respectfully refer the Court to such document for a statement of its contents.

43.   The Walkers Defendants deny the allegations of Paragraph 43 of the SAC, except, to the extent such allegations purport to quote or describe the PPM, neither admit nor deny those allegations, but respectfully refer the Court to such document for a statement of its contents.

44.   The Walkers Defendants deny the allegations of Paragraph 44 of the SAC, except, to the extent such allegations purport to quote or describe the PPM, neither admit nor deny those allegations, but respectfully refer the Court to such document for a statement of its contents.

45.   The Walkers Defendants deny the allegations of Paragraph 45 of the SAC, except, to the extent such allegations purport to quote or describe the PPM or the Barclays Domestic Swap Agreement, neither admit nor deny those allegations, but respectfully refer the Court to such documents for a statement of their contents.

46.   The Walkers Defendants deny the allegations of Paragraph 46 of the SAC, except, to the extent such allegations purport to quote or describe the PPM, neither admit nor deny those allegations, but respectfully refer the Court to such document for a statement of its contents.

47.   The Walkers Defendants deny the allegations of Paragraph 47 of the SAC, except, to the extent such allegations purport to quote or describe the PPM, neither admit nor deny those allegations, but respectfully refer the Court to such document for a statement of its contents.

48.   The Walkers Defendants deny the allegations of Paragraph 48 of the SAC, except admit that CDO securities are sometimes issued by special purpose vehicles to purchase

certain debt assets, and, to the extent such allegations purport to quote or describe the PPM, neither admit nor deny those allegations, but respectfully refer the Court to such document for a statement of its contents.

49. The Walkers Defendants deny the allegations of Paragraph 49 of the SAC, except, to the extent such allegations purport to quote or describe the PPM, neither admit nor deny those allegations, but respectfully refer the Court to such document for a statement of its contents.

50. The Walkers Defendants deny the allegations of Paragraph 50 of the SAC, except, to the extent such allegations purport to quote or describe the PPM, neither admit nor deny those allegations, but respectfully refer the Court to such document for a statement of its contents.

51. The Walkers Defendants deny the allegations of Paragraph 51 of the SAC, except, to the extent such allegations purport to quote or describe the PPM, neither admit nor deny those allegations, but respectfully refer the Court to such document for a statement of its contents.

52. The Walkers Defendants deny the allegations of Paragraph 52 of the SAC, except, to the extent such allegations purport to quote or describe the PPM, neither admit nor deny those allegations, but respectfully refer the Court to such document for a statement of its contents.

53. The Walkers Defendants deny the allegations of Paragraph 53 of the SAC, except, to the extent such allegations purport to quote or describe the PPM, neither admit nor deny those allegations, but respectfully refer the Court to such document for a statement of its contents.

54. The Walkers Defendants deny the allegations of Paragraph 54 of the SAC, except, to the extent such allegations purport to quote or describe the PPM, neither admit nor deny those allegations, but respectfully refer the Court to such document for a statement of its contents.

55. The Walkers Defendants deny the allegations of Paragraph 55 of the SAC, except, to the extent such allegations purport to quote or describe the PPM, neither admit nor deny those allegations, but respectfully refer the Court to such document for a statement of its contents.

56. The Walkers Defendants deny the allegations of Paragraph 56 of the SAC, except, to the extent such allegations purport to quote or describe the PPM, neither admit nor deny those allegations, but respectfully refer the Court to such document for a statement of its contents.

57. The Walkers Defendants deny the allegations of Paragraph 57 of the SAC, except, to the extent such allegations purport to quote or describe the PPM, neither admit nor deny those allegations, but respectfully refer the Court to such document for a statement of its contents.

58. The Walkers Defendants deny the allegations of Paragraph 58 of the SAC, except, to the extent such allegations purport to quote or describe the PPM or the Offering Materials, neither admit nor deny those allegations, but respectfully refer the Court to such documents for a statement of their contents, and admit that the Partnership, at times, paid the General Partner an advisory fee and a profit share in accordance with the terms of the Offering Materials.

59. The Walkers Defendants deny the allegations of Paragraph 59 of the SAC, except, to the extent such allegations purport to quote or describe the PPM, neither admit nor

deny those allegations, but respectfully refer the Court to such document for a statement of its contents.

60. The Walkers Defendants deny the allegations of Paragraph 60 of the SAC, except, to the extent such allegations purport to quote or describe the PPM, neither admit nor deny those allegations, but respectfully refer the Court to such document for a statement of its contents.

61. The Walkers Defendants deny the allegations of Paragraph 61 of the SAC, except, to the extent such allegations purport to quote or describe the contents of the Offering Materials, neither admit nor deny those allegations, but respectfully refer the Court to such documents for a statement of their contents.

62. The Walkers Defendants deny the allegations of Paragraph 62 of the SAC, except, to the extent such allegations purport to quote or describe the contents of the Offering Materials, neither admit nor deny those allegations, but respectfully refer the Court to such documents for a statement of their contents.

63. The Walkers Defendants deny the allegations of Paragraph 63 of the SAC, except, to the extent such allegations purport to quote or describe the contents of the Offering Materials, neither admit nor deny those allegations, but respectfully refer the Court to such documents for a statement of their contents.

64. The Walkers Defendants deny the allegations of Paragraph 64 of the SAC, except, to the extent such allegations purport to quote or describe the PPM, neither admit nor deny those allegations, but respectfully refer the Court to such document for a statement of its contents.

65. The Walkers Defendants deny the allegations of Paragraph 65 of the SAC, except, to the extent such allegations purport to quote or describe the PPM, neither admit nor

deny those allegations, but respectfully refer the Court to such document for a statement of its contents.

66. The Walkers Defendants deny the allegations of Paragraph 66 of the SAC, except, to the extent such allegations purport to quote or describe the PPM, neither admit nor deny those allegations, but respectfully refer the Court to such document for a statement of its contents, and admit that "mark-to-market" is an accounting method that may be used to assign value to certain types of assets under certain circumstances.

67. The Walkers Defendants deny the allegations of Paragraph 67 of the SAC, except, to the extent such allegations purport to quote or describe the PPM, neither admit nor deny those allegations, but respectfully refer the Court to such document for a statement of its contents.

68. The Walkers Defendants deny the allegations of Paragraph 68 of the SAC, except, to the extent such allegations purport to quote or describe the PPM, neither admit nor deny those allegations, but respectfully refer the Court to such document for a statement of its contents.

69. The Walkers Defendants deny the allegations of Paragraph 69 of the SAC, except, to the extent such allegations purport to quote or describe the PPM, neither admit nor deny those allegations, but respectfully refer the Court to such document for a statement of its contents.

70. The Walkers Defendants deny the allegations of Paragraph 70 of the SAC, except to the extent the allegations state conclusions of law, to which no response is required.

71. The Walkers Defendants deny the allegations of Paragraph 71 of the SAC, except deny knowledge or information sufficient to form a belief as to the truth of the allegations to the extent they purport to describe the knowledge, state of mind, or intentions of investors, and

therefore deny such allegations, and, to the extent such allegations purport to quote or describe the PPM, neither admit nor deny those allegations, but respectfully refer the Court to such document for a statement of its contents..

72. The Walkers Defendants deny the allegations of Paragraph 72 of the SAC, except deny knowledge or information sufficient to form a belief as to the truth of the allegations to the extent they purport to describe the knowledge, state of mind, or intentions of persons other than the Walkers Defendants, and therefore deny such allegations.

73. The Walkers Defendants deny the allegations of Paragraph 73 of the SAC, except, to the extent such allegations purport to quote or describe a September 18, 2006 email, neither admit nor deny those allegations, but respectfully refer the Court to such document for a statement of its contents.

74. The Walkers Defendants deny the allegations of Paragraph 74 of the SAC, except admit the allegations of the first sentence.

75. The Walkers Defendants deny the allegations of Paragraph 75 of the SAC, except, to the extent such allegations purport to quote or describe the LPA, neither admit nor deny those allegations, but respectfully refer the Court to such document for a statement of its contents.  To the extent the allegations of Paragraph 75 state conclusions of law, no response is required.

76. The Walkers Defendants deny the allegations of Paragraph 76 of the SAC, except deny knowledge or information sufficient to form a belief as to the truth of the allegations to the extent they purport to describe the knowledge, state of mind, or intentions of persons other than the Walkers Defendants, and therefore deny such allegations.

77. The Walkers Defendants deny the allegations of Paragraph 77 of the SAC, except deny knowledge or information sufficient to form a belief as to the truth of the allegations

to the extent they purport to describe the knowledge, state of mind, or intentions of persons other than the Walkers Defendants, and therefore deny such allegations.

78. The Walkers Defendants deny the allegations of Paragraph 78 of the SAC, except, to the extent such allegations purport to quote or describe an email from Cioffi to Tannin, neither admit nor deny those allegations, but respectfully refer the Court to such document for a statement of its contents.

79. The Walkers Defendants deny the allegations of Paragraph 79 of the SAC, except deny knowledge or information sufficient to form a belief as to the truth of the allegations to the extent they purport to describe the knowledge, state of mind, or intentions of persons other than the Walkers Defendants, and therefore deny such allegations, and admit upon information and belief that the EL Fund received subscriptions from Limited Partners in the HG Fund and that certain assets were transferred from the HG Master Fund to the EL Master Fund.

80. The Walkers Defendants deny the allegations of Paragraph 80 of the SAC, except, to the extent such allegations purport to quote or describe the PPM, neither admit nor deny those allegations, but respectfully refer the Court to such document for a statement of its contents.

81. The Walkers Defendants deny the allegations of Paragraph 81 of the SAC, except deny knowledge or information sufficient to form a belief as to the truth of the allegations to the extent they purport to describe the knowledge, state of mind, or intentions of persons other than the Walkers Defendants, and therefore deny such allegations, and, to the extent such allegations purport to quote or describe the Massachusetts Complaint, neither admit nor deny those allegations, but respectfully refer the Court to such document for a statement of its allegations.

82. The Walkers Defendants deny the allegations of Paragraph 82 of the SAC.

83. The Walkers Defendants deny the allegations of Paragraph 83 of the SAC, except, to the extent such allegations purport to quote or describe the Barclays Complaint, neither admit nor deny those allegations, but respectfully refer the Court to such document for a statement of its contents.  The Walkers Defendants further state that the *Barclays* action has been dismissed without prejudice.

84. The Walkers Defendants deny the allegations of Paragraph 84 of the SAC.

85. The Walkers Defendants deny the allegations of Paragraph 85 of the SAC.

86. The Walkers Defendants deny the allegations of Paragraph 86 of the SAC.

87. The Walkers Defendants deny the allegations of Paragraph 87 of the SAC, except deny knowledge or information sufficient to form a belief as to the truth of the allegations to the extent they purport to describe events prior to the date the Independent Director Defendants became directors of the EL Overseas Fund or the EL Master Fund, and therefore deny such allegations, and, to the extent such allegations purport to quote or describe the PPM or the Massachusetts Complaint, neither admit nor deny those allegations, but respectfully refer the Court to such documents for a statement of their contents and/or allegations.

88. The Walkers Defendants deny the allegations of Paragraph 88 of the SAC, except, to the extent such allegations purport to quote or describe the contents of the Offering Materials, neither admit nor deny those allegations, but respectfully refer the Court to such documents for a statement of their contents.

89. The Walkers Defendants deny the allegations of Paragraph 89 of the SAC.

90. The Walkers Defendants deny the allegations of Paragraph 90 of the SAC.

91. The Walkers Defendants deny the allegations of Paragraph 91 of the SAC.

92. The Walkers Defendants deny the allegations of Paragraph 92 of the SAC, except, to the extent such allegations purport to quote or describe the PPM, neither admit nor

deny those allegations, but respectfully refer the Court to such document for a statement of its contents.

93. The Walkers Defendants deny the allegations of Paragraph 93 of the SAC, except admit that Lennon and Wilson-Clarke were listed in the PPM as directors of the EL Master Fund.

94. The Walkers Defendants deny the allegations of Paragraph 94 of the SAC, except admit that Lennon was at times a senior vice president of Walkers FS and that Wilson-Clarke was at times a vice president of Walkers FS.

95. The Walkers Defendants deny the allegations of Paragraph 95 of the SAC, except admit that Walkers provided director and trustee services to at least nine BSAM hedge funds and that Walkers provided directors to the Master Fund.

96. The Walkers Defendants deny the allegations of Paragraph 96 of the SAC, except admit that Walkers provides certain services to hedge funds and mutual funds, among others, and is aware of the existence of and contents of Section 206(3) of the Investment Advisers Act, and respectfully refers the Court to the Investment Advisers Act for a statement of its contents.  To the extent such allegations state conclusions of law, no response is required.

97. The Walkers Defendants deny the allegations of Paragraph 97 of the SAC, except to the extent such allegations state conclusions of law, to which no response is required.

98. The Walkers Defendants deny the allegations of Paragraph 98 of the SAC.

99. The Walkers Defendants deny the allegations of Paragraph 99 of the SAC, except deny knowledge or information sufficient to form a belief as to the truth of the allegations to the extent they purport to describe events prior to the date the Independent Director Defendants became directors of the EL Overseas Fund or the EL Master Fund, and therefore deny such allegations.

100. The Walkers Defendants deny the allegations of Paragraph 100 of the SAC, except deny knowledge or information sufficient to form a belief as to the truth of the allegations to the extent they purport to describe events prior to the date the Independent Director Defendants became directors of the EL Overseas Fund or the EL Master Fund, and therefore deny such allegations.

101. The Walkers Defendants deny the allegations of Paragraph 101 of the SAC.

102. The Walkers Defendants deny the allegations of Paragraph 102 of the SAC, except admit that, as disclosed in the Offering Materials, the EL Master Fund was permitted to invest in securities structured by affiliates of the General Partner, and, to the extent the allegations of Paragraph 102 purport to quote or describe the Offering Materials, neither admit nor deny those allegations, but respectfully refer the Court to such documents for a statement of their contents.  To the extent the allegations state conclusions of law, no response is required.

103. The Walkers Defendants deny the allegations of Paragraph 103 of the SAC.

104. The Walkers Defendants deny the allegations of Paragraph 104 of the SAC, except to the extent the allegations state conclusions of law, to which no response is required.

105. The Walkers Defendants deny the allegations of Paragraph 105 of the SAC, except, to the extent such allegations purport to quote or describe the PPM, neither admit nor deny those allegations, but respectfully refer the Court to such document for a statement of its contents.

106. The Walkers Defendants deny the allegations of Paragraph 106 of the SAC, except deny knowledge or information sufficient to form a belief as to the truth of the allegations to the extent they purport to describe the knowledge, state of mind, or intentions of investors, and therefore deny such allegations.

107. The Walkers Defendants deny the allegations of Paragraph 107 of the SAC, except admit that Walkers FS was compensated for services provided to the EL Master Fund.

108. The Walkers Defendants deny the allegations of Paragraph 108 of the SAC, except admit the referenced article was published in the *Wall Street Journal*, and, to the extent the allegations purport to quote or describe the referenced article, neither admit nor deny those allegations, but respectfully refer the Court to such article for its content.

109. The Walkers Defendants deny the allegations of Paragraph 109 of the SAC, except admit the referenced article was published in *BusinessWeek*, and, to the extent the allegations purport to quote or describe the referenced article, neither admit nor deny those allegations, but respectfully refer the Court to such article for its content.

110. The Walkers Defendants deny the allegations of Paragraph 110 of the SAC, except admit the referenced article was published in *BusinessWeek*, and, to the extent the allegations purport to quote or describe the referenced article, neither admit nor deny those allegations, but respectfully refer the Court to such article for its content.

111. The Walkers Defendants deny the allegations of Paragraph 111 of the SAC, except admit the referenced article was published in the *Wall Street Journal*, and, to the extent the allegations purport to quote or describe the referenced article, neither admit nor deny those allegations, but respectfully refer the Court to such article for its content.

112. The Walkers Defendants deny the allegations of Paragraph 112 of the SAC, except, to the extent such allegations purport to quote an April 25, 2007 call with investors, neither admit nor deny those allegations, but respectfully refer the Court to any accurate audio recording or transcript of such call for its contents.

113. The Walkers Defendants deny the allegations of Paragraph 113 of the SAC, except, to the extent such allegations purport to quote an April 25, 2007 call with investors,

neither admit nor deny those allegations, but respectfully refer the Court to any accurate audio recording or transcript of such call for its contents.

114. The Walkers Defendants deny the allegations of Paragraph 114 of the SAC, except, to the extent such allegations purport to quote an April 25, 2007 call with investors, neither admit nor deny those allegations, but respectfully refer the Court to any accurate audio recording or transcript of such call for its contents.

115. The Walkers Defendants deny the allegations of Paragraph 115 of the SAC, except, to the extent such allegations purport to quote an April 25, 2007 call with investors, neither admit nor deny those allegations, but respectfully refer the Court to any accurate audio recording or transcript of such call for its contents.

116. The Walkers Defendants deny the allegations of Paragraph 116 of the SAC.

117. The Walkers Defendants deny the allegations of Paragraph 117 of the SAC, except admit the referenced article was published in the *Wall Street Journal*, that Cioffi and Tannin were indicted by a federal grand jury, and that the SEC filed a civil complaint against Cioffi and Tannin on or about June 19, 2008, and, to the extent the allegations of Paragraph 117 purport to quote or describe the Indictment, the SEC Complaint, or a *Wall Street Journal* article, neither admit nor deny those allegations, but respectfully refer the Court to such documents for their contents.  The Walkers Defendants further state that on November 10, 2009, following a 15-day trial on the criminal charges, Cioffi and Tannin were acquitted of all charges submitted to the jury in *United States v. Cioffi and Tannin*, No. CR-08-415.

118. The Walkers Defendants deny the allegations of Paragraph 118 of the SAC, except deny knowledge or information sufficient to form a belief as to the truth of the allegations to the extent they purport to describe the knowledge, state of mind, or intentions of persons other than the Walkers Defendants, and therefore deny such allegations, admit that Cioffi and Tannin

were indicted by a federal grand jury, and, to the extent such allegations purport to quote or describe the Indictment, neither admit nor deny those allegations, but respectfully refer the Court to such document for a statement of its allegations.  The Walkers Defendants further state that on November 10, 2009, following a 15-day trial on the criminal charges, Cioffi and Tannin were acquitted of all charges submitted to the jury in *United States v. Cioffi and Tannin*, No. CR-08-415.

119. The Walkers Defendants deny the allegations of Paragraph 119 of the SAC, except, to the extent such allegations purport to quote or describe the March 2007 PPP, neither admit nor deny those allegations, but respectfully refer the Court to such document for a statement of its contents.

120. The Walkers Defendants deny the allegations of Paragraph 120 of the SAC, except, to the extent such allegations purport to quote or describe a June 8, 2007 letter to investors, neither admit nor deny those allegations, but respectfully refer the Court to such document for a statement of its contents.

121. The Walkers Defendants deny the allegations of Paragraph 121 of the SAC, except admit the referenced article was published in the *Wall Street Journal, and*, to the extent such allegations purport to quote or describe a June 7, 2007 letter to investors or the referenced article, neither admit nor deny those allegations, but respectfully refer the Court to such documents for a statement of their contents.

122. The Walkers Defendants deny the allegations of Paragraph 122 of the SAC, except admit the referenced article was published in *BusinessWeek*, and, to the extent such allegations purport to quote or describe the contents of the Offering Materials or the referenced article, neither admit nor deny those allegations, but respectfully refer the Court to such documents for a statement of their contents.

- 22 -

123. The Walkers Defendants deny the allegations of Paragraph 123 of the SAC.

124. The Walkers Defendants deny the allegations of Paragraph 124 of the SAC, except, to the extent such allegations purport to quote or describe a June 22, 2007 press release, neither admit nor deny those allegations, but respectfully refer the Court to such document for a statement of its contents, and admit that BSC publicly announced on June 22, 2007 that it intended to provide up to $3.2 billion in financing to the HG Master Fund, and that certain repo counterparties exercised their rights under their respective repo agreements to terminate the financing and retain ownership of pledged collateral.

125. The Walkers Defendants deny the allegations of Paragraph 125 of the SAC, except, to the extent such allegations purport to quote or describe a July 17, 2007 letter, neither admit nor deny those allegations, but respectfully refer the Court to such document for a statement of its contents.

126. The Walkers Defendants deny the allegations of Paragraph 126 of the SAC.

127. The Walkers Defendants deny the allegations of Paragraph 127 of the SAC, except admit that the HG Master Fund and EL Master Fund filed for bankruptcy protection.

128. The Walkers Defendants deny the allegations of Paragraph 128 of the SAC, except admit that the referenced article was published in the *Wall Street Journal* and, to the extent the allegations purport to quote or describe the referenced article, neither admit nor deny those allegations, but respectfully refer the Court to such article for its content.

129. The Walkers Defendants deny the allegations of Paragraph 129 of the SAC, except admit that the referenced article was published in the *Wall Street Journal,* and, to the extent the allegations purport to quote or describe the referenced article, neither admit nor deny those allegations, but respectfully refer the Court to such article for its content.

## DERIVATIVE ALLEGATIONS

130. The Walkers Defendants deny the allegations of Paragraph 130 of the SAC, except admit that plaintiff purports to assert certain claims derivatively on behalf of the Partnership.

131. The Walkers Defendants deny the allegations of Paragraph 131 of the SAC.

132. The Walkers Defendants deny the allegations of Paragraph 132 of the SAC, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning FIC, and therefore deny those allegations.

133. The Walkers Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 133 of the SAC, and therefore deny those allegations.

134. The Walkers Defendants deny the allegations of Paragraph 134 of the SAC, except admit that BSAM was General Partner of the Partnership, and that plaintiff did not make a pre-suit demand

### As to Count I

135. The Walkers Defendants incorporate by reference each of their preceding responses as though fully set forth herein.

136. The Walkers Defendants state that no response is necessary to the allegations of Paragraph 136 of the SAC, because the Walkers Defendants are not named as Defendants in this Count.  To the extent a response is required, the Walkers Defendants deny the allegations.

137. The Walkers Defendants state that no response is necessary to the allegations of Paragraph 137 of the SAC, because the Walkers Defendants are not named as Defendants in this Count.  To the extent a response is required, the Walkers Defendants deny the allegations.

138. The Walkers Defendants state that no response is necessary to the allegations of Paragraph 138 of the SAC, because the Walkers Defendants are not named as Defendants in this Count.  To the extent a response is required, the Walkers Defendants deny the allegations.

139. The Walkers Defendants state that no response is necessary to the allegations of Paragraph 139 of the SAC, because the Walkers Defendants are not named as Defendants in this Count.  To the extent a response is required, the Walkers Defendants deny the allegations.

As to Count II

140. The Walkers Defendants incorporate by reference each of their preceding responses as though fully set forth herein.

141. The Walkers Defendants state that no response is necessary to the allegations of Paragraph 141 of the SAC, because the Walkers Defendants are not named as Defendants in this Count.  To the extent a response is required, the Walkers Defendants deny the allegations.

142. The Walkers Defendants state that no response is necessary to the allegations of Paragraph 142 of the SAC, because the Walkers Defendants are not named as Defendants in this Count.  To the extent a response is required, the Walkers Defendants deny the allegations.

143. The Walkers Defendants state that no response is necessary to the allegations of Paragraph 143 of the SAC, because the Walkers Defendants are not named as Defendants in this Count.  To the extent a response is required, the Walkers Defendants deny the allegations.

144. The Walkers Defendants state that no response is necessary to the allegations of Paragraph 144 of the SAC, because the Walkers Defendants are not named as Defendants in this Count.  To the extent a response is required, the Walkers Defendants deny the allegations.

As to Count III

145. The Walkers Defendants incorporate by reference each of their preceding responses as though fully set forth herein.

146. The Walkers Defendants deny the allegations of Paragraph 146 of the SAC, except to the extent the allegations state conclusions of law, to which no response is required.

147. The Walkers Defendants deny the allegations of Paragraph 147 of the SAC, except to the extent the allegations state conclusions of law, to which no response is required.

148. The Walkers Defendants deny the allegations of Paragraph 148 of the SAC, except to the extent the allegations state conclusions of law, to which no response is required.

149. The Walkers Defendants deny the allegations of Paragraph 149 of the SAC, except to the extent the allegations state conclusions of law, to which no response is required.

150. The Walkers Defendants deny the allegations of Paragraph 150 of the SAC, except to the extent the allegations state conclusions of law, to which no response is required.

151. The Walkers Defendants deny the allegations of Paragraph 151 of the SAC, except to the extent the allegations state conclusions of law, to which no response is required.

152. The Walkers Defendants deny the allegations of Paragraph 152 of the SAC, except to the extent the allegations state conclusions of law, to which no response is required.

153. The Walkers Defendants deny the allegations of Paragraph 153 of the SAC, except to the extent the allegations state conclusions of law, to which no response is required.

<u>As to Count IV</u>

154. The Walkers Defendants incorporate by reference each of their preceding responses as though fully set forth herein.

155. The Walkers Defendants deny the allegations of Paragraph 155 of the SAC, except, to the extent such allegations purport to quote or describe the PPM, neither admit nor deny those allegations, but respectfully refer the Court to such document for a statement of its contents.  To the extent the allegations of Paragraph 155 state conclusions of law, no response is required.

156. The Walkers Defendants deny the allegations of Paragraph 156 of the SAC, except to the extent the allegations state conclusions of law, to which no response is required.

157. The Walkers Defendants deny the allegations of Paragraph 157 of the SAC, except to the extent the allegations state conclusions of law, to which no response is required.

## DEFENSES

In asserting the following defenses, the Walkers Defendants do not assume the burden of proof on any defenses that would otherwise rest on Plaintiffs.

### First Defense

The SAC and each cause of action alleged therein fail to state a claim upon which relief can be granted against the Defendants and fail to comply with the requirements of Rule 9(b) of the Federal Rules of Civil Procedure.

### Second Defense

All or part of FIC's claims are barred by its failure to make a pre-suit demand and to allege that such demand would have been futile.

### Third Defense

All or part of FIC's claims are barred by the exculpatory clauses in the Offering Materials.

### Fourth Defense

All or part of FIC's claims are preempted by the Martin Act.

### Fifth Defense

FIC's claims are barred by the business judgment rule.

### Sixth Defense

The Walkers Defendants, in taking the actions that are the subject of the SAC, acted with reasonable care.

Seventh Defense

FIC's claims are barred by the doctrines of waiver, and/or estoppel, and/or laches, and/or unclean hands.

Eighth Defense

The action is barred because the court lacks personal jurisdiction over the Walkers Defendants.

Ninth Defense

FIC lacks standing with respect to its claims against the Walkers Defendants.

Tenth Defense

Assuming solely for the purposes of this defense that Plaintiff sustained any cognizable damages, such damages are not recoverable from the Walkers Defendants because all or a portion of such damages resulted from causes other than any alleged act by the Walkers Defendants.

Eleventh Defense

The SAC fails to state a claim against the Independent Director Defendants to the extent they were not directors at the time of the alleged wrongdoing.

Twelfth Defense

The Walkers Defendants are not liable for the alleged misconduct of others.

Thirteenth Defense

Any losses allegedly incurred by Plaintiff were caused by market conditions or other factors over which the Walkers Defendants had no control or responsibility.

Fourteenth Defense

FIC's claims against the Walkers Defendants are barred because the Walkers Defendants did not breach any duty owing to Plaintiff.

Fifteenth Defense

The Walkers Defendants hereby reserve and assert all affirmative and other defenses available under any applicable law.  The Walkers Defendants presently have insufficient knowledge or information upon which to form a belief as to whether they may have other, as yet unstated, affirmative defenses available. Therefore, the Walkers Defendants reserve their right to assert additional defenses in the event that discovery indicates that they would be appropriate.

WHEREFORE, the Walkers Defendants respectfully request that the Court:

(1)     Enter judgment for each of them dismissing the SAC.

(2)     Award them their costs and expenses incurred in defending this action; and

(3)     Grant each of them such other and further relief as the Court deems just and proper.

Dated: February 16, 2010                CADWALADER, WICKERSHAM & TAFT LLP

       New York, New York

                                     By:   /s/  Martin L. Seidel
                                         Martin L. Seidel
                                         One World Financial Center
                                         New York, New York 10281
                                         Telephone:  212-504-6000
                                         Facsimile:   212-504-6666