USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4/2/12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FIC, L.P., individually, and on behalf of all others similarly situated,

Plaintiff,

- against -

BEAR STEARNS ASSET MANAGEMENT INC., RALPH CIOFFI, RAYMOND MCGARRIGAL, MATTHEW TANNIN, THE BEAR STEARNS COMPANIES INC., BEAR, STEARNS & CO. INC., WALKERS FUND SERVICES LIMITED, SCOTT LENNON, AND MICHELLE WILSON-CLARKE,

Defendants,

- and -

BEAR STEARNS HIGH-GRADE STRUCTURED CREDIT STRATEGIES ENHANCED LEVERAGE, L.P.,

Nominal Defendant.

No. 07 Civ. 11633 (AKH)

**FINAL ORDER AND JUDGMENT**

WHEREAS, the Stipulation of Settlement, dated December 22, 2011 (the "Stipulation") of the above-captioned derivative action (the "FIC Action"), and the settlement contemplated thereby (the "Settlement") having been presented at the Settlement Hearing on April 2, 2012, pursuant to the Order Preliminarily Approving Settlement, Approving Notice and Scheduling Settlement Hearing, dated February 8, 2012 (the "Scheduling Order"), which Stipulation was joined and consented to by (i) plaintiff FIC, L.P. ("FIC" or "Plaintiff"), individually and derivatively on behalf of nominal defendant Bear Stearns High-Grade Structured Credit Strategies Enhanced Leverage, L.P. (the "Domestic Enhanced Leverage

Fund"); and (ii) defendants Bear Stearns Asset Management Inc. ("BSAM"), The Bear Stearns Companies LLC (f/k/a The Bear Stearns Companies Inc.), J.P. Morgan Securities LLC (f/k/a Bear, Stearns & Co. Inc.), Ralph Cioffi, Raymond McGarrigal, Matthew Tannin, Walkers Fund Services Limited, Scott Lennon, and Michelle Wilson-Clarke (collectively, the "Defendants"); (iii) the Domestic Enhanced Leverage Fund ; and (iv) John Milsom and Richard Heis of KPMG United Kingdom Plc as Liquidators of the Domestic Enhanced Leverage Fund (the "Liquidators") (all of the above together, the "Parties"), and which is incorporated herein by reference; and the Court having determined that Notice of said Settlement Hearing was provided to certain Limited Partners of the Domestic Enhanced Leverage Fund in accordance with the Scheduling Order and that said Notice was adequate and sufficient; and the Parties having appeared by their attorneys of record; and the attorneys for the respective Parties having been heard in support of the Settlement of the FIC Action, and an opportunity to be heard having been given to other persons or entities desiring to be heard as provided in the Notice; and the entire matter of the Settlement having been considered by the Court; and

**WHEREAS**, this Final Order and Judgment (this "Judgment") incorporates by reference the definitions in the Stipulation and, unless otherwise herein defined, all capitalized terms used herein shall have the same meanings as set forth in the Stipulation;

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** this day of 2nd April, 2012 that:

1. The Court finds that Plaintiff and Plaintiff's counsel have fairly and adequately represented the interests of the Domestic Enhanced Leverage Fund and its Limited Partners with respect to the FIC Action, the claims asserted therein, and all Released Claims.



KL3 2847296.3

2. The Court finds that the Stipulation and the Settlement are fair, reasonable, adequate, and in the best interests of the Domestic Enhanced Leverage Fund and its Limited Partners.

3. The Court hereby approves the Stipulation and the Settlement in all respects, and the Parties are directed to consummate the Settlement in accordance with the terms of the Stipulation.

4. The Notice has been given as required in the Scheduling Order, with proof of mailing and other dissemination of the Notice filed with the Court by counsel for Plaintiff and full opportunity to be heard has been offered to all Persons who received the Notice. The Court finds that the form, content, and means of delivery of the Notice meets the requirements of Rule 23.1(c) of the Federal Rules of Civil Procedure and due process of law, and thus the Domestic Enhanced Leverage Fund and all Limited Partners of the Domestic Enhanced Leverage Fund are bound by this Judgment.

5. The Court has jurisdiction over the subject matter of the FIC Action, including all matters necessary to effectuate the Settlement and this Judgment, and over all Parties, including Plaintiff and Defendants and the Domestic Enhanced Leverage Fund.

6. The FIC Action and all claims asserted therein, as well as all of the Released Claims, are dismissed with prejudice. As between Plaintiff and Defendants, the parties are to bear their own costs.

7. The applicable releases are set forth in separate documents, including the Stipulation and the Proof of Claim.

8. Counsel for Plaintiff are awarded attorneys' fees and expenses in the aggregate sum of $3,500,000, which the Court finds to be fair and reasonable, to be

paid in accordance with the terms of the Stipulation. Plaintiff's counsel may allocate this award amongst themselves in accordance with their judgment as to the contribution of each of these firms to the results achieved in this Action.

9. The facts and terms of the Stipulation, Settlement, this Judgment, all negotiations, discussions, drafts and proceedings in connection with the Stipulation, Settlement, or this Judgment, and any act performed or documents signed in connection with the Stipulation, Settlement, or Judgment shall not, in this or any other court, administrative agency, arbitration forum or other tribunal, constitute an admission of, or evidence of, or be deemed to create any inference of, (i) any acts of wrongdoing, (ii) any liability on the part of any of the Defendants or Released Persons to Plaintiff or anyone else, (iii) any deficiency of any claim or defense that has been or could have been asserted in the FIC Action, (iv) any damages suffered by Plaintiff or anyone else, or (v) that the Settlement Amount (or any other amount) represents the amount that could or would have been recovered from Defendants in the FIC Action if it was not settled at this point in time. The facts and terms of the Settlement, including all negotiations, discussions, drafts and proceedings in connection with the Settlement, Stipulation and this Judgment, and any act performed or document signed in connection with the Settlement, Stipulation, and this Judgment shall not be offered or received in evidence or used for any other purpose in this or any other proceeding in any court, administrative agency, arbitration forum or other tribunal, except as necessary to enforce the terms of the Settlement, Stipulation, or Judgment including, but not limited to, the Releases in the Stipulation, Judgment and Proof of Claim.

10. Nothing herein dismisses or releases any claim by or against any Party to the Settlement arising out of a breach of the Stipulation or violation of this Judgment.

Dated: New York, New York

April 2, 2012

U.S.D.J.